IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG M. HOWARD**<br><br>**Plaintiff**<br><br>v.<br><br>**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY MUTUAL GROUP**<br><br>**Defendant** | 1:CV-01-0797<br><br>Case No.<br><br>Jury Trial Demanded<br><br>FILED<br>HARRISBURG<br><br>MAY 0 7 2001<br><br>MARY E. D'ANDREA, CLERK<br>Per_____<br>DEPUTY CLERK |

<u>NOTICE OF REMOVAL</u>

TO:   UNITED STATES DISTRICT COURT FOR THE
      MIDDLE DISTRICT OF PENNSYLVANIA

Liberty Life Assurance Company of Boston ("Liberty Life"), the Defendant in the above-captioned matter, hereby files this Notice of Removal of this case from the Court of Common Pleas of Dauphin County, Pennsylvania, where it is now pending, to the United States District Court for the Middle District of Pennsylvania and in support thereof avers as follows:

1.   This action was commenced by Complaint which was filed on or about April 5, 2001, with the Prothonotary of the Court of Common Pleas of Dauphin County. The action is docketed as case number 1596-S-2001. A copy of this Complaint is attached hereto and marked Exhibit "A".

2.   Plaintiff's Complaint alleges that Liberty Life breached a contract relating to a group benefits plan, and engaged in activities which constitute Bad Faith, pursuant to 42 Pa.C.S.A. §8371.

3.   Based upon the allegations of his Complaint, Plaintiff is an adult individual residing at 25 South Lingle Avenue, Palymra, Lebanon County, Pennsylvania. It is believed that Plaintiff is

a citizen of the Commonwealth of Pennsylvania.

4. Defendant Liberty Life was at the time when this action was commenced, and is at the present time, an insurance company licensed to transact business in the Commonwealth of Pennsylvania.

5. Defendant Liberty Life is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, MA 02117.

6. "Liberty Mutual Group" is not an entity which is subject to suit but is a name used by a group of companies.

7. Based upon the allegations of the Complaint of Plaintiff, the amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs and Jurisdiction of this Court is proper pursuant to the provisions of 28 U.S.C. Section 1332.

8. According to his Complaint, Plaintiff was an employee of Milton S. Hershey Medical Center and Defendant has breached its contract with that Company.

9. The contract to which Plaintiff apparently refers in his Complaint is a Group Disability Income Policy which was issued by Liberty Life. This Policy was part of an employer-sponsored Plan which was maintained pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et. seq. (ERISA).

10. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001. et.seq (ERISA) and Jurisdiction of this court is also proper pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(e).

11. The present lawsuit is removable from the State Court to the District Court of the United States pursuant to 28 U.S.C. §1441 and it is hereby also removed pursuant to that statute.

John C. Dowling, Esquire
Attorney I.D. # 07058
RHOADS & SINON LLP
1 South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| CRAIG M. HOWARD | : IN THE COURT OF COMMON PLEAS |
| | : DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : CIVIL ACTION - LAW |
| v. | : NO: 1596 S 2001 |
| | : |
| LIBERTY LIFE ASSURANCE | : |
| COMPANY OF BOSTON, LIBERTY | : |
| MUTUAL GROUP | : |
| | : |
| Defendant | : JURY TRIAL DEMANDED |

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR YOU CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 N. Front Street
Harrisburg, PA 17101
(717) 232-7536

## AVISO

USTED HA SIDE DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan mas adelante en las siguientes paginas, debe tomar accion dentro de los proximos veinte (20) dias despues de la notificacion de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aqui en contra suya. Se le advierte de que si usted falla de tomar accion como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamacion o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin mas aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO O NO PUEDE PAGARLE A UNO, LLAME O VAYA A LA SIGUIENTE OFICINA PARA AVERIGUAR DONDE PUEDE ENCONTRAR ASISTENCIA LEGAL.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 N. Front Street
Harrisburg, PA 17101
(717) 232-7536

MAY 02 2001 17:31 FR LIBERTY MUTUAL        6037432123 TO 16175745783        P.04

John C. Dowling, Esquire
Attorney I.D. # 07058
RHOADS & SINON LLP
1 South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| CRAIG M. HOWARD | : IN THE COURT OF COMMON PLEAS |
| | : DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : |
| | : CIVIL ACTION - LAW |
| v. | : NO: 1596 S 2001 |
| | : |
| LIBERTY LIFE ASSURANCE | : |
| COMPANY OF BOSTON, LIBERTY | : |
| MUTUAL GROUP | : |
| | : |
| Defendant | : JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, Craig M. Howard, through his attorneys, Rhoads & Sinon LLP, and files the within Complaint, as follows:

## PARTIES

1. Plaintiff, Craig M. Howard, is an adult individual, 43 years of age, who resides at 25 South Lingle Avenue, Palmyra, Lebanon County, Pennsylvania.

2. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty") is a company within the Liberty Mutual Group and is a corporation or like business entity, domiciled in the State of Massachusetts and licensed to transact business in the Commonwealth of Pennsylvania.

3.  Defendant regularly conducts business in Dauphin County selling health insurance throughout Pennsylvania.

4.  Defendant has designated in its insurance contract hereafter set forth as agent for acceptance of legal services

> Penn State Geisinger Systems Services
> 100 North Academy Avenue
> Danville, PA 17822-1526

## COUNT I
### (BREACH OF CONTRACT)

5.  The averments of paragraph 1 through 4 are incorporated herein as more fully set forth.

6.  On or about August 1, 1998, Liberty issued to Penn State Geisinger Health System, a group benefits plan under plan number GF3-810-252761-01 (attached hereto and marked as Exhibit "1"), which policy provided coverage for the employees of the Milton S. Hershey Medical Center under Penn State Geisinger Health System. The Plan Identification Numbers are a.) Employer IRS Identification No. 23-2164794; b) Plan No. LTD-513.

7.  Plaintiff became employed by the Milton S. Hershey Medical Center in 1987 as a Staff Assistant and as such was an employee of the employer Milton S. Hershey Medical Center under said insurance policy.

2

8. The Penn State Geisinger long-term disability provision under which Plaintiff is covered, provides:

"Disability" or "Disabled" means:

i. During the Elimination Period and the next 24 months of Disability you are unable to perform all of the material and substantial duties of your occupation on an Active Employment basis because of an Injury or Sickness; and

ii. After 24 months of benefits have been paid, you are unable to perform, with reasonable continuity, all of the material and substantial duties of your own or any other occupation for which you are or become reasonably fitted by training, education, experience, age and physical and mental capacity.

9. Plaintiff has been totally and continuously disabled as said disability is defined above since January 1, 2000 and his long-term disability subject to 180 day elimination period was effective July 1, 2000.

10. Plaintiff as an active, fulltime employee is entitled to 2/3 of his basic bimonthly wage of $1,045.60 for such time as his disability shall continue.

11. Plaintiff has made claim upon Defendant for benefits to date totaling $18,820.00 and continuing into the future until Plaintiff's disability ceases.

12. Plaintiff has performed all of the conditions of the insured's policy to be performed on his part.

13. Plaintiff has made proper demand upon Defendant for payment of the benefits due and to be due in the future.

3

14. Defendant through its authorized agent, servant or employee Chuck Johnson, (designated Appeal Review Consultant) through letter to Plaintiff's attorney of February 28, 2001, has denied Plaintiff's claim stating, "At this time, Mr. Howard's administrative rights to review have been exhausted and no further reviews will be conducted by Liberty Life Assurance Company of Boston", and concluding, "We have rendered our final determination of this claim and will now close our file".

## COUNT II
## (BAD FAITH)

15. The averments of paragraph 1 through 14 are incorporated herein as more fully set forth.

16. Pursuant to the insurance policy contracted between Plaintiff and Defendant, Defendant was under a duty at all times relevant hereto to act in good faith towards its insured, Plaintiff Craig M. Howard.

17. The aforesaid duty included a requirement that Defendant consider the interest of Plaintiff as a factor in coming to a decision as to whether or not to accept this long term disability claim.

18. Defendant materially breached the aforesaid duty of good faith toward Plaintiff and, pursuant to 42 Pa. C.S.A. § 8371 Defendant's conduct in such breach was in bad faith against Plaintiff in that Defendant had no reasonable basis for denying benefits and the Defendant knew or recklessly disregarded the lack of a reasonable basis for such denial in that:

4

(a) Recklessly ignored the extensive medical findings of Plaintiff's treating physicians attesting to his total disability as defined within the parameters of Defendant's insurance policy;

(b) Recklessly relied on the incomplete and invalid findings of its own Medical Director who did not examine Plaintiff but merely reviewed his medical file, and on incomplete and incorrect examination by a physical therapist;

(c) Failed to have Plaintiff examined by a physician of its choosing or to arrange for an independent medical examination;

(d) Refused to pay Plaintiff's physician, Dr. Powers, for additional medical documentation in support of Plaintiff's claim;

(e) Ignored a letter from Plaintiff's employer attesting to his inability to perform work allowing for hourly brakes as recommended by Plaintiff's doctor; and attesting to his inability to serve in his previous position at Hershey Medical Center; and

(f) Advised Plaintiff that his claim was denied before receiving its Medical Director's findings or the results of its functional capacity evaluation.

19. At all times relevant hereto Plaintiff fully complied with all obligations, terms and conditions of the aforesaid insurance policy with Defendant.

20. As a result of Defendant's breach of its duty of good faith and Defendant's bad faith conduct as described above, Plaintiff is entitled to and hereby seeks damages pursuant to 42 Pa. C.S.A. §8371 as well as common law contractual remedies, as follows:

5

(a) Interest on the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus three percent (3%);

(b) Punitive damages against the Defendant;

(c) Court costs and attorney fees against the Defendant.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendants in an amount in excess of the applicable limits of arbitration.

RHOADS & SINON LLP

By: _____
John C. Dowling
One South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiffs

Date: April 5, 2001

6

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Plaintiff herein.

The attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of my lawsuit. The language of the Complaint is that of counsel and not of me. I have read the Complaint and, to the extent that the Complaint is based on information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: 3/21/01

CRAIG M. HOWARD

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD **Plaintiff** v. LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY MUTUAL GROUP **Defendant** | Case No. Jury Trial Demanded |

## CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of the foregoing Notice to the Prothonotary of Dauphin County and the Notice of Removal were served this 7th day of May, 2001, via United States Mail, First Class, postage pre-paid, upon the following individual:

John C. Dowling, Esq.
RHOADS & SINON, LLP
1 South Market Square
P.O. Box 1146
Harrisburg, PA  17108-1146

KELLY, McLAUGHLIN & FOSTER

By: _____
WILLIAM C. FOSTER, ESQUIRE
Attorney for Defendant
Liberty Life Assurance Company
of Boston

Dated: 5/7/01