IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD : | |
| : | |
| Plaintiff, : | |
| : | Case No. 1:CV-01-0797 |
| v. : | |
| : | |
| LIBERTY LIFE ASSURANCE : | |
| COMPANY OF BOSTON, : | |
| LIBERTY MUTUAL GROUP : | |
| : | |
| Defendant. : | |

FILED
HARRISBURG, PA

MAY 1 5 2001

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

**ANSWER TO COMPLAINT
WITH AFFIRMATIVE DEFENSES**

The Answer with affirmative defenses of Defendant Liberty Life Assurance Company of Boston ("Liberty Life") to the Complaint of Craig M. Howard respectfully represents as follows:

1. Admitted that Plaintiff is an adult individual who resides at the stated address. The remaining allegations of this Paragraph are denied. Based upon documents that have been provided by Plaintiff to Liberty Life, Plaintiff is 44 years of age at the present time.

2. It is admitted that Liberty Life is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business located at 175 Berkeley Street, Boston, MA 02117, and it is admitted that Liberty Life is authorized to act as an insurer under the laws of the Commonwealth of Pennsylvania. The remaining allegations of Paragraph 2 are denied as stated. "Liberty Mutual Group" is not an entity which is subject to suit but is a name used to refer to a group of companies. Liberty Life is one of the companies in that group.

3. It is admitted that Liberty Life conducts business in Dauphin County, Pennsylvania and it is admitted that Liberty Life sells Group Long Term Disability insurance in the Commonwealth of Pennsylvania. The remaining allegations of Paragraph 3 are conclusions of law to which no responsive pleading is required.

4. Denied. It is admitted that the Group Disability Income Policy issued to Geisinger Health System designates "Geisinger System Services" as the agent for service of legal process upon the Geisinger Health System Welfare Plan at the address set forth in Paragraph 4 of Plaintiff's Complaint. It is denied that Liberty Life has designated Geisinger System Services as its agent for service of process.

## COUNT I
## (BREACH OF CONTRACT)

5. It is admitted that those Paragraphs have been incorporated by reference. In response to them, Liberty Life incorporates herein by reference the foregoing Paragraphs 1 through 4, inclusive, of this Answer, as fully as though those paragraphs were here set forth at length.

6. Denied as stated. It is admitted that a Plan identified as " Geisinger Health System Welfare Plan" (the "Plan") was in existence on August 1, 1998 and it is admitted that identification numbers applicable to that Plan were IRS Identification No. 23-2164794 and Plan No. 513. It is furthermore admitted that Policy Number GF3-810-252761-01 (the "Policy") was issued by Liberty Life. This Policy provided certain disability coverages for certain individuals who meet the definition of disability set forth in the Policy. It is admitted that certain documents relating to the Plan are attached to Plaintiff's Complaint and marked Exhibit "1".

2

7. Liberty Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

8. Denied as stated. It is averred, to the contrary, that the Policy provides, inter alia, as follows:

"Disability" and "Disabled" means:

i. If you are eligible for the 24 Month Own Occupation Benefit, "Disability" or "Disabled" means during the Elimination Period and the next 24 months of Disability you are unable to perform all of the material and substantial duties of your occupation on an Active Employment basis because of an Injury or Sickness; and

It is admitted that section (ii) of the definition of "Disability" and "Disabled" provides as set forth by Plaintiff.

9. Denied. It is admitted that Plaintiff has made a claim for disability benefits, asserting that he last worked in January 2, 2000 and it is admitted that the Elimination Period for persons entitled to disability benefits in accordance with the terms of the Plan's Certificate of Coverage is 180 days. It is denied that Plaintiff is entitled to disability benefits under the Policy because he does not meet the definition of disability set forth in the "Policy". The remaining allegations set forth in this Paragraph are denied.

10. Denied. It is admitted that Plaintiff has made a claim for disability benefits and it is admitted that the benefits schedule provides for certain benefits for disabled persons. It is denied that Plaintiff is entitled to disability benefits under the Policy because he does not meet the definition of disability set forth in the "Policy". The remaining allegations set forth in this Paragraph are denied.

11. It is admitted that Plaintiff has made a claim for disability benefits upon Liberty Life. It is denied that Plaintiff is totally and permanently disabled and it is denied that he is entitled to benefits under the terms of the Policy. The remaining allegations of this Paragraph are denied.

12. Denied.

13. It is admitted that Plaintiff has made a claim for disability benefits upon Liberty Life. It is denied that benefits are due and are to be due to Plaintiff in the future. The remaining allegations of this Paragraph are denied.

14. It is admitted that Chuck Johnson, an Appeal Review Consultant employed by Liberty Life, wrote a letter dated February 28, 2001 and it is admitted that this letter, inter alia, made the statements set forth in this Paragraph. The remaining allegations contained in this Paragraph are denied as the correspondence dated February 28, 2001 is a document which speaks for itself. By way of further response, additional information was also set forth in this letter. A copy of this letter is attached hereto and marked Exhibit "A".

## COUNT II
## (BAD FAITH)

15. It is admitted that those Paragraphs have been incorporated by reference. In response to them, Answering Defendants incorporate herein by reference the foregoing Paragraphs 1 through 14, inclusive, of this Answer, as fully as though those paragraphs were here set forth at length.

16. It is denied that the "Policy" was issued to Plaintiff and it is denied that Plaintiff was the insured on this Policy. This Policy was issued by Liberty Life to the Geisinger Health System and it provided certain disability coverages for certain individuals who met the definition of disability set forth in the Policy. The remaining allegations of Paragraph 16 are conclusions of law

4

to which no responsive pleading is required.

17. The allegations of Paragraph 17 are conclusions of law to which no response is required.

18 (a)-(f). Denied. The allegations contained in Paragraph 18 (a) through (f), inclusive, are denied.

19. The allegations contained in this Paragraph are conclusions of law to which no response is required.

20. Denied. The allegations contained in this Paragraph are conclusions of law which are denied. It is denied that Liberty Life breached any obligation to Plaintiff and it is denied that Liberty Life acted in Bad Faith. It is furthermore denied that Plaintiff is entitled to any damages from Liberty Life under any theories of liability.

WHEREFORE, Defendant Liberty Life Assurance Company of Boston respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, controlled and limited the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA")

## SECOND AFFIRMATIVE DEFENSE

At all times material hereto, Liberty Life acted reasonably and in good faith.

## THIRD AFFIRMATIVE DEFENSE

Liberty Life's actions were supported by substantial evidence. These actions were not arbitrary, capricious or an abuse of discretion.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim does not fall within the scope of coverage of the Policy referred to in this Answer and it is barred by the terms, conditions, definitions, exclusions and limitations set forth in that Policy.

## FIFTH AFFIRMATIVE DEFENSE

Liberty Life provided adequate written notice of the denial to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is precluded by the determination of Liberty Life that Mr. Howard is not entitled to benefits. This denial was appealed by the claimant pursuant to the provisions of the Plan of Geisinger Health System, which Plan was established pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), and, February 28, 2001, Liberty Life upheld the denial. This determination is final and, as a result of it, Plaintiff is not entitled to proceed with this claim.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim under 42 PA.C.S.A. §8371 fails to state a cause of action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's state law claims are barred and preempted by the provisions of the Employee Retirement Income Security Act 29 U.S.C. §1001 et seq. ("ERISA")

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for breach of contract, breach of the obligation of good faith and fair dealing and claims of bad faith denial of benefits are barred and preempted by the provisions of the Employee Retirement Income Security Act 29 U.S.C. §1001 et seq.("ERISA")

WHEREFORE, Defendant Liberty Life Assurance Company of Boston respectfully requests that the Court enter an Order dismissing the Complaint of Plaintiff, with prejudice, and entering judgment in its favor.

KELLY, McLAUGHLIN & FOSTER

By *[signature]*
William C. Foster, Esquire
Steven L. Chung, Esquire
Identification No. 03511/78834
Attorneys for Defendant
Liberty Life Assurance Company
of Boston

EXHIBIT A


**Liberty Mutual.**

Liberty Mutual Group

Group Disability Claims
PO Box 1525
Dover, NH 03821
(603) 749-2600

February 28, 2001

Rhoads & Sinon, LLP
Attorneys at Law
Attn: John Dowling
One South Market Square
PO Box 1146
Harrisburg PA 17108-1146

RE: Long Term Disability Benefits
Penn State Geisinger
Claimant: Mr. Craig Howard
Claim #: 641498

Dear Attorney Dowling:

We have completed our review of your request for reconsideration of Mr. Craig Howard's Long Term Disability claim and have determined we are unable to alter our original decision to deny his benefits.

As stated in our letter of July 25, 2000, the Penn State Geisinger Long Term Disability policy, under which he is covered, states:

*"Disability" or "Disabled" means:*

> i. *During the Elimination Period and the next 24 months of Disability you are unable to perform all of the material and substantial duties of your occupation on an Active Employment basis because of an Injury or Sickness; and*

> ii. *After 24 months of benefits have been paid, you are unable to perform, with reasonable continuity, all of the material and substantial duties of your own or any other occupation for which you are or become reasonably fitted by training, education, experience, age and physical and mental capacity.*

The basis for Mr. Howard's denial was outlined in our letter of July 25, 2000, which is enclosed for your review.

*February 28, 2001*
*Craig Howard*
*Page 3.*

We received your letter dated December 19, 2000, on Mr. Howard's behalf, and the additional documentation. However, this information was already contained in Mr. Howard's file. On January 16, 2001, Mr. Howard informed us that Dr. Powers' office never received the copy of the FCE. We faxed another copy of the evaluation to Dr. Powers' office, attention Jamie, on January 17, 2001, asking for Dr. Powers' comment. We sent you a letter updating you on the status of Mr. Howard's appeal and asked for any additional medical records you wished to be part of Mr. Howard's appeal be submitted by January 31, 2001. To date, we have not received any additional medical documentation or a response from Dr. Powers.

In our attempt to provide a full and fair review, we referred Mr. Howard's file to our Medical Director, Dr. Edward Crouch. On February 7, 2001, Dr. Crouch called Dr. Powers' office in order to schedule a time convenient for Dr. Powers to discuss Mr. Howard's condition. Dr. Crouch was informed to call back on Monday, February 12, 2001. Dr. Crouch called back on February 12, 2001, and left a message asking Dr. Powers to return his call. To date, there has been no response from Dr. Powers' office to discuss the patient or to schedule a time to discuss the patient.

Mr. Howard's occupation, as a Staff Assistant, is considered sedentary and no heavy lifting is involved. He has the ability to modify positions or activities based upon physical need. Thus, it has been determined that Mr. Howard has the physical functional capacity to perform the material and substantial duties of his occupation. Therefore, he does not meet the definition of disability under the terms of Penn State Geisinger's disability policy and no benefits are payable.

Under ERISA guidelines, Mr. Howard was entitled to appeal the determination made by Liberty Life Assurance Company of Boston, and submit any additional information wished to be considered as part of the appeal. Liberty Life Assurance Company of Boston conducted a full and fair review of the appeal and accompanying materials and notified you and Mr. Howard of the results of that review. At this time, Mr. Howard's administrative rights to review have been exhausted and no further reviews will be conducted by Liberty Life Assurance Company of Boston.

*February 28, 2001*
*Craig Howard*
*Page 2.*

We received Mr. Howard's appeal letter and a medical narrative from Dr. Powers on July 31, 2000. As outlined in our letter of October 6, 2000, we were in the process of obtaining authorization from Dr. Powers to proceed with a Functional Capacities Evaluation. This was completed and the exam was scheduled for September 22, 2000. At that time, Mr. Howard informed us that he would be unable to attend that exam and that he recently had an exam performed by the Social Security Administration. Mr. Howard agreed to obtain a copy of the evaluation and submit it to us for review.

On October 25, 2000, we received a copy of Mr. Howard's Social Security award letter, a letter from Ms. Mary Bednar at Hershey Medical Center, and the first page of the evaluation performed on May 11, 2000, by Dr. Stuart A. Hartman, D.O. for the Social Security Administration. On November 3, 2000, we received the remainder of the exam from Dr. Hartman.

Based on the results of this examination, it was determined we would schedule an additional FCE, with a physical therapist. The Functional Capacities Evaluation was performed on November 9, 2000. After performing a battery of tests, the results of the evaluation concluded:

> *The results of this evaluation indicate that Craig M. Howard is best suited for a sedentary and/or light work category for an 8 hour day (US Dept. of Labor). His maximum occasional lifts were 31 and 21 pounds. His sitting tolerance was demonstrated on an occasional basis and required frequent positional changes. He tolerated standing and walking on a frequent basis.*
>
> *It is the opinion of this evaluation team that these results represent Mr. Howard's minimal capabilities and not his maximal capabilities.*

The results of this examination were forwarded to Dr. Powers, Mr. Howard's treating physician, for comment and additional medical documentation if he disagreed with the findings. On December 20, 2000, we received a fax from Dr. Powers' office stating that pre-payment of $250.00 was needed in order to provide any comment.

*February 28, 2001*
*Craig Howard*
*Page 4.*

Determinations made by Liberty Life Assurance Company of Boston are based on the provisions outlined in the Penn State Geisinger policy. These provisions are not contingent on decisions made by the Social Security Administration.

We have rendered our final determination of this claim and will now close our file.

Sincerely,

Chuck Johnson
Appeal Review Consultant

cc:   Craig Howard
      25 S Lingle Ave
      Palmyra PA  17078

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD | : |
| **Plaintiff,** | : Case No. 1:CV-01-0797 |
| v. | : |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY MUTUAL GROUP | : JURY TRIAL DEMANDED |
| **Defendant.** | : |

## CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of the Answer to Plaintiff's Complaint with Affirmative Defenses was served this 14th day of May, 2001, via United States Mail, First Class, postage pre-paid, upon the following individual:

John C. Dowling, Esquire
Rhoads & Sinon, LLP
1 South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

KELLY, McLAUGHLIN & FOSTER

By: _/s/ William C. Foster/_
WILLIAM C. FOSTER, ESQUIRE
Attorney for Defendant
Liberty Life Assurance Company of Boston

Dated: 5-14-01

8