**Attorney for Plaintiff:**  John C. Dowling, Esquire

**Attorney for Defendants:**  William C. Foster, Esquire

ORIGINAL

FILED
HARRISBURG

JUN 22 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG M. HOWARD | : | |
| Plaintiff | : | NO. 1:CV-01-797 |
| | : | |
| v. | : | Judge Kane |
| | : | |
| LIBERTY LIFE ASSURANCE CO. | : | JURY TRIAL DEMANDED |
| OF BOSTON | : | |
| Defendant | : | |

## JOINT CASE MANAGEMENT PLAN

**1.0   Principal Issues**

1.10   Separately for each party, please give a statement summarizing this case:

By plaintiff: This case involves an action originally begun in the Court of Common Pleas of Dauphin County for Breach of Contract and Bad Faith. Plaintiff alleges that as an employee of Milton S. Hershey Medical Center he was covered under Defendant's insurance policy for long-term disability benefits. Plaintiff alleges he was totally and continuously disabled as said disability is defined in the policy but that Defendant insurance company has refused to pay him benefits.

The action was removed to Federal Court by Defendant on the basis of diversity and on the allegation that this was an ERISA action which preempted the State action.

In any event Plaintiff claims coverage under Defendant's insurance policy for disability benefits commencing July 1, 2000.

By defendant: Liberty Life Assurance Company of Boston ("Liberty Life") issued a Policy of insurance ("Policy") to Geisinger Health System ("Geisinger"). This Policy was part of a Plan established by Geisinger pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"). It provided disability benefits to employees of Geisinger who met the requirements of the Policy. This Policy granted to Liberty Life the right to construe the Policy and to make determinations

391683.2

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

N/A.

2.30  If all the parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

Because of the nature of plaintiff's claims and the defendants' legal defenses, the parties believe that this case is best served by a court of law at this time. The parties will, however, advise the Court in the event they determine, after discovery, that an ADR procedure is recommended.

**3.0  Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. Section 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:   ___ Y _X_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

___ Scranton
___ Wilkes-Barre
___ Harrisburg

**4.0  Disclosures**

4.100  Separately for each party, list by name and title/position each person whose identity has been disclosed.

4.101  Disclosed by plaintiff:

| **Name** | **Title/Position** |
| --- | --- |
| 4.102  Stephen K. Powers, M.D. | Professor and Chief of Neurosurgery<br>Milton S. Hershey Medical Center |
| 4.103  Daniel E. Gelb, M.D. | Assistant Professor of Orthopedics and |

- 4 -

|       |                          |                                                                  |
|-------|--------------------------|------------------------------------------------------------------|
|       |                          | Rehabilitation/Penn State Geisinger Health System                |
| 4.104 | Christopher M. Stow, M.D.|                                                                  |
| 4.105 | Michael A. Weaver, M.D.  | Milton S. Hershey Medical Center / Pain Clinic                   |
| 4.106 | John Keifer, M.D.        | Milton S. Hershey Medical Center/Pain C Clinic                   |
| 4.107 | Andrew J. Wren, D.O.     |                                                                  |
| 4.108 | Mark Grubb, M.D.         |                                                                  |
| 4.109 | Stuart A. Hartman, D.O.  | PA Bureau of Disability Determination                            |
| 4.110 | Mary K. Bednar           | Chief Financial Officer, Milton S. Hershey Medical Center        |
| 4.111 | Jane D. Maddon           | Milton S. Hershey Medical Center                                 |
| 4.112 | Susan W. Deaven          | Milton S. Hershey Medical Center                                 |

(Note: Plaintiff has been evaluated and treated by numerous physicians at Milton S. Hershey Medical Center and Penn State Geisinger System. While the above are the principal physicians involved, there are numerous others who during his period of treatment have performed various tasks, such as x-rays, MRIs, etc. **Defendant has all of the above reports, records, test results, etc. except for Plaintiff's recent surgery by Dr. Matthew Grubb. This report, as soon as it received, will be forwarded to Defendant.**)

It has not yet been determined what supervisors and fellow employees Plaintiff will call as witnesses to describe his work requirements and his inability to perform them.

4.151   Disclosed by Defendant:

| Name | Title/Position |
|---|---|
| 4.152   Edward P. Crouch, M.D. | Medical Director, Disability Products |
| 4.153   Chuck Johnson | Appeal Review Consultant |
| 4.154   Mark McDonald | Physical Therapist/Site Coordinator |
| 4.155   Shawn R. Lesh | WorkStart Coordinator |
| 4.156   Richard Edkins | Claims Manager |
| 4.157   Felicia Boyd | Disability Case Manager |
| 4.158   Debra Redfern | Nurse |

4.200   Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201   Categories of documents disclosed by plaintiff:

4.202   As noted above Defendant has copies of all of Plaintiff's medical records except those from his latest surgery by Dr. Matthew Grubb.

4.251   Categories of documents disclosed by defendant:

4.252   All documents which were available to the claim decision makers at the time of final denial.

4.253   Policy issued to Geisinger.

    4.254 Claims File, excluding privileged information.

4.300 Additional Documents Disclosures: Separately for each party, describe each

additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

  4.301 Additional categories of documents plaintiff will disclose:

    4.302 See above

  4.351 Additional categories of documents defendants will disclose:

    4.352 Liberty Life will produce t counsel for Plaintiff all documents which were available to the claim decision makers at the time of final denial, the Policy issued to Geisinger and the Claims File, excluding privileged information.

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

  4.401 plaintiff's calculation of damages: Damages claimed by the plaintiff are as calculated and set forth in the Complaint

  4.402 defendant's calculation of offset: Defendant Liberty Life contends that Plaintiff is not entitled to any damages.

## 5.0 Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Amend Complaint | Plaintiff | Within 30 days |
| Motion to Limit Discovery | Defendant | Within 30 days |

## 6.0 Discovery

6.100 Briefly describe any discovery that has been completed or is in progress:

  By plaintiff:

        None to date

By defendant:

        None to date

6.200  Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

        The parties have not yet determined what specific discovery will be undertaken but Plaintiff will be taking the deposition of his various doctors for use at trial.

        Defendant contends that no discovery should be taken in this case as the Court's function in determining whether a Plan Administrator or its fiduciary acted in an arbitrary and capricious manner, is limited to the Administrative Record which was before the decision make at the time of denial. Abnathya v. Hoffman La-Roche, Inc., 2 F.3d 40, 48 n.8 (3rd Cir. 1995); Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3rd Cir. 2000).

6.300  Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

        None at this time.

6.400  Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

        Plaintiff:    None at this time.

        Defendant:    See 6.10, supra.

6.500  For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

        Defendant:    See 6.10 supra. If the Court denies Defendant's Motion to Limit Discovery, Liberty Life submits that the limitations prescribed by the Local Rules for the Middle District apply.

      6.501   depositions (excluding experts) to be taken by:

      plaintiff recommends: 10        defendant recommends:

      6.502   interrogatories to be served by:

      plaintiff recommends: 50        defendant recommends:

      6.503   document production requests to be served by:

      plaintiff recommends: 25        defendant recommends:

      6.504   requests for admission to be served by:

      plaintiff recommends: 20        defendant recommends:

6.600   All discovery commenced in time to be completed by:

      plaintiff recommends:        February 01, 2002
      defendant recommends:      November 1, 2001

6.700   Reports from retained experts due:

      plaintiff recommends:

            from plaintiff by:        2 weeks after defendant's report
            from defendant by:       2 weeks after close of discovery

      defendant recommends:

            from plaintiff by:        2 weeks after close of discovery
            from defendant by:       2 weeks after plaintiff's report

6.800 Supplementations due: 10 days after initial reports are filed.

**7.0**    **Protective Order**

    7.1    If entry or a protective order is sought, attach to this statement a copy of the proposed order:

        N/A at this time.

    7.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

        N/A at this time.