ORIGINAL

# RHOADS & SINON LLP

ROBERT H. LONG, JR.*
SHERILL T. MOYER
JAN P. PADEN
RICHARD B. WOOD
LAWRENCE B. ABRAMS III*
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR.
DAVID B. DOWLING
DAVID F. O'LEARY
DAVID O. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD*
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL

SHAWN D. LOCHINGER
JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL
DEBRA M. KRIETE
TODD J. SHILL
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER, JR.
JOANNE BOOK CHRISTINE
SUSAN E. SCHWAB
AMY J. MENDELSOHN*
MICHAEL W. WINFIELD**
KATHRYN G. SOPHY
STEPHANIE E. DIVITTORE
KIMBERLY L. SNELL-ZARCONE
KATHLEEN D. BRUDER

*ALSO ADMITTED TO THE FLORIDA BAR
**ALSO ADMITTED TO THE MARYLAND BAR

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

OF COUNSEL
FRANK A. SINON
HENRY W. RHOADS
JOHN C. DOWLING
R. STEPHEN SHIBLA

PAUL H. RHOADS
1907-1984
JOHN M. MUSSELMAN
1919-1980
CLYLE R. HENDERSHOT
1922-1980

DIRECT DIAL NO.
231-6647

FILE NO.
7583/01

July 11, 2001

Re: Craig M. Howard v. Liberty Life Assurance Company of Boston
    USDC, Middle District, PA Civil Action No. 1:CV-01-797

Honorable Yvette Kane                    **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA 17108

Dear Judge Kane:

This is in response to your Order of July 2, 2001 that the parties file a letter brief regarding the scope of discovery.

It is anticipated that discovery will be extensive. While Plaintiff agrees that the Court considers the record at the time the decision denying benefits was made to determine whether there was a capricious and unwarranted decision; nevertheless the standard of review as amplified by Pinto v. Reliance Standard Life Insurance Company, 3rd Cir. Ct. of App. (May 31, 2000), 214 Fed. 3rd 377 mandates a "sliding scale" approach. Chief Judge Becker in noting that in the insurance company- as-funder-and-administrator context, the fund from which monies are paid is the same fund from which the insurance company reaps its profits, stated

> "Following the lead of five other such courts, we hold that when an insurance company both funds and administers benefits, it is generally acting under a conflict that warrants a heightened form of the arbitrary and capricious standard of review."

The Court took cognizance of the fact that where an insurance company has discretion to avoid paying claims it thereby promotes the potential for its own profit. In the Third Circuit, the approach of the sliding scale allows each case to be examined on its facts, including such factors as sophistication of the parties, the information accessible to the parties and the exact financial arrangement between the insurer and the company. Judge Becker concluded:

> "In sum, we adopt this sliding scale approach, and, accordingly, will expect district courts to consider the nature and degree of apparent

Honorable Yvette Kane
July 11, 2001
Page 2

conflicts with a view to shaping their arbitrary and capricious review of the benefits determinations of discretionary decisionmakers".

Reading Pinto in its entirety one can foresee the necessity for deposing Defendant's officers, directors, employees, etc. so that the district court can make the determination of the many factors to be considered in the sliding scale approach.

In Robert G. Ernest v. The Plan Administrator of the Textron Insured Benefits Plan, Textron, Inc.; The Paul Revere Life Insurance Co., (M.D. Pa.), 124 F. Supp. 2d 884 (December 30, 2000 by Judge James F. McClure, Jr.) Judge McClure states:

> "The sliding scale approach suggested by Chief Judge Becker, however, provides for a factual examination of each case, and requires that the degree of deference given to a plan administrator's decision be modified based on the seriousness of the conflict presented. Pinto, 214 F.3d at 391-93. The greater the suspicion of conflict on behalf of the administrator, the less deferential the standard. Id. at 393. In applying this 'heightened' review, we are instructed to be 'deferential, but not absolutely deferential.' Id. 'Look not only at the result—whether it was supported by reason-but at the process by which the result was achieved.' Id.

In the Middle District's most recent decision on ERISA, Davies v. The Paul Revere Life Insurance Company, Chief Justice Thomas J. Vanaskie granted partial summary judgment for plaintiff, finding that the insurance company erred in finding the plaintiff was not eligible for long-term disability care. No. 3:CV-99-0370, 2001 U.S. Dist. LEXIS 7940 (M.D. Pa. June 13, 2001). In Davies, plaintiff, a commodities trader, suffered from hypertension that required medication. See id. at *2. After several surgeries and an evaluation by his own physician, plaintiff determined he should no longer work in the commodities trade and applied for long-term disability coverage with Paul Revere Life. See id. at *5-*6. Paul Revere Life denied benefits, somewhat in-part to the review of their in-house medical examiner, who determined, without ever examining plaintiff, that plaintiff did not suffer from hypertension. See id. at *7. In reviewing the decision of Paul Revere Life, the district court began by noting that "where an administrator is burdened by a conflict of interest . . . that conflict must be weighed as a factor in determining whether there is an abuse of discretion." See id. at 19. Here, court noted a conflict existed because Paul Revere Life both determined eligibility and funded the benefits. See id. at *20. Relying on Pinto, the district court listed the relevant factors to examine: (1) the sophistication of the parties; (2) the information accessible to the parties; (3) the exact financial

Honorable Yvette Kane
July 11, 2001
Page 3

arrangement between the insurer and the company; and (4) the current status of the fiduciary. See id. at *21.

  Under these factors, the district court reached the following conclusions: (1) the plaintiff was not a "sophisticated party" because he was not on equal footing with Paul Revere Life in terms of understanding the process by which his claim was to be reviewed and the information that should have been compiled to support his claim; (2) not all information was accessible to both parties because Paul Revere Life relied on an in-house medical examination that plaintiff lacked access to; (3) the plan included a "Rate Guarantee Rider" which allowed for a change of rates only in extreme circumstances (e.g., the total number of employees changed by 25%), so the financial agreement was heavily in Paul Revere Life's favor; and (4) the employer terminated its relationship with Paul Revere Life--all leading the district court to conclude the "heightened arbitrary and capricious" standard should be applied. See id. at *22-*25.

  In its overall review, the district court noted several additional facts that it considered pertinent to its review of Paul Revere Life's decision to deny benefits to plaintiff: (1) Paul Revere Life made no attempt to speak with plaintiff's physician's who determined plaintiff should no longer work; (2) Paul Revere Life never requested plaintiff undergo an evaluation by an independent physician; and (3) Paul Revere Life primarily relied upon the recommendations of a doctor who never personally saw or examined plaintiff. See id. at *28-*30. When added up, the district court concluded that, based on the above information, Paul Revere Life abused its discretion when denying benefits to plaintiff. See id. at *42.

  On the same day the Middle District decided this case, the District Court for the District of New Jersey ruled on an ERISA claim in Lasser v. Reliance Standard Life Insurance Co., No. 99-4131, 2001 U.S. Dist. LEXIS 8141 (D. N.J. June 13, 2001). In Lasser, plaintiff physician filed for long-term disability benefits after suffering a heart attack. See id. at *3. His claim was denied by Reliance Standard Life's "Manager of Technical Services," who was an attorney. See id. As in Davies, the district court began its review by noting a "conflict of interest" existed with Reliance Standard because they had the authority to administer and fund benefits. See id. at *5. Based on its understanding of Pinto, the district court found it was bound to apply the "heightened arbitrary and capricious" standard to the case before the court. See id. at *10-*11. Under this standard, only a "moderate degree of deference" is awarded to the insurance company. See id. at *13.

In Cohen v. Standard Insurance Co., the District Court for the Eastern District of Pennsylvania found that an insurance company improperly denied benefits from plaintiff. No. 00-5971, 2001 U.S. Dist. LEXIS 6604 (May 17, 2001). Plaintiff was an attorney at the Philadelphia-based law firm of Morgan, Lewis, & Bockius, LLP. See id. at *1. Plaintiff suffered from blockages in several arteries around his heart that led him to apply for long-term disability insurance. See id. at *3.

As in the previous cases, Cohen began its review by citing Pinto, noting that when a "conflict of interest" exists, the courts of the Third Circuit should apply the "sliding scale" approach. See id. at *13. In assessing what standard of review to apply, the court focused on the conflict that existed, and how the conflict affected the insurer's decision to denied plaintiff benefits. See id. at *14. Under the "sliding scale" approach, the court found problems with the insurer's conclusion that plaintiff never reduced his work hours, his travel schedule, or his compensation, despite credible contradictory evidence from the plaintiff and his employer. See id. Also, the court took exception with the insurer decision to rely upon the medical opinions of its own, non-treating physicians, over the doctors that had examined and evaluated plaintiff's condition. See id. Furthermore, the court concluded that insurer's denial of benefits ultimately rested upon objective scientific data that failed to show a link between work-related stress and an increased risk of accelerating heart disease. See id. *18. As the court noted, "Nothing in the Plan requires plaintiff to prove his claim through the preservation of objective medical evidence." Id. Accordingly, the court ordered defendant pay plaintiff his disability benefits. See id. at *22.

Finally, in Cohen v. Liberty Life Assurance Co., the Eastern District court held that an insurer acted arbitrarily or capriciously in denying benefits to plaintiff. No. 99-2007, 2000 U.S. Dist. LEXIS 9171 (E.D. Pa. June 30, 2000). After concluding that the insurer both funded and administered the plan, the court applied the "sliding scale" approach to the "arbitrary and capricious" standard. See id. at *7-*9. The court relied on the following factors in finding that insurer acted arbitrarily and capriciously: (1) insurer never evaluated plaintiff's medical condition with a physician; rather, insurer merely relied on video from a "surveillance camera" to determine plaintiff was not disabled; (2) insurer never reviewed any of plaintiff's medical records but for information it obtained through a "pharmacy check"; (3) insurer never investigated side-effects of prescription drugs plaintiff was taking; and (4) insurer failed to rely on the medical information it received from plaintiff's physician when deciding to deny benefits. See id. at *11. Based upon all of these facts, the district court denied insurer's motion for summary judgment. See id. at *12.

Honorable Yvette Kane
July 11, 2001
Page 5


      Therefore, it is submitted that the factual analysis mandated by the above cases will require considerable discovery and thus Plaintiff proposes through Interrogatories, document requests, admissions and depositions to determine which of Defendant's officers, directors, and employees participated in Defendant's denial decision and the various company policies and financial factors taken into account.

      Thus it is submitted will be extensive and time consuming. Plaintiff requests a minimum of nine months to complete such discovery.

                                    Very truly yours,

                                    RHOADS & SINON LLP

                                    By: _____
                                         John C. Dowling

DBD/clz

cc:    William C. Foster, Esquire
       (Via U.S. First Class Mail)