**ORIGINAL**

*no parties added*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG M. HOWARD | : | |
| Plaintiff | : | |
| v. | : CASE NO: 1:CV-01-797 | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : JUDGE KANE | |
| Defendant | : JURY TRIAL DEMANDED | |

FILED
HARRISBURG, PA

JUL 1 1 2001

MARY E. D'ANDREA, CLERK
Per _____
         Deputy Clerk

## *Amended* COMPLAINT

1. Plaintiff, Craig M. Howard, is an adult individual, 43 years of age, who resides at 25 South Lingle Avenue, Palmyra, Lebanon County, Pennsylvania.

2. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, MA 02117.

393285.1

3.  Defendant regularly conducts business in Dauphin County selling health insurance throughout Pennsylvania.

4.  This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq., and jurisdiction of this Court is invoked under 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

5.  On or about August 1, 1998, Liberty issued to Penn State Geisinger Health System, a group benefits plan under plan number GF3-810-252761-01 (attached hereto and marked as Exhibit "1"), which policy provided coverage for the employees of the Milton S. Hershey Medical Center under Penn State Geisinger Health System. The Plan Identification Numbers are a.) Employer IRS Identification No. 23-2164794; b) Plan No. LTD-513.

6.  Plaintiff became employed by the Milton S. Hershey Medical Center in 1987 as a Staff Assistant and as such was an employee of the employer Milton S. Hershey Medical Center under said insurance policy.

7.  The Penn State Geisinger long-term disability provision under which Plaintiff is covered, provides:

    "Disability" or "Disabled" means:

    i.  During the Elimination Period and the next 24 months of Disability you are unable to perform all of the material and substantial duties of your occupation on an Active Employment basis because of an Injury or Sickness; and

393285.1

      ii.      After 24 months of benefits have been paid, you are unable to perform, with reasonable continuity, all of the material and substantial duties of your own or any other occupation for which you are or become reasonably fitted by training, education, experience, age and physical and mental capacity.

8. Plaintiff has been totally and continuously disabled as said disability is defined above since January 1, 2000 and his long-term disability subject to 180 day elimination period was effective July 1, 2000.

9. Plaintiff as an active, fulltime employee is entitled to 2/3 of his basic bimonthly wage of $1,045.60 for such time as his disability shall continue.

10. Plaintiff has made claim upon Defendant for benefits due to date and continuing into the future until Plaintiff's disability ceases.

11. Plaintiff has fully complied with all the conditions in order to receive such benefits.

12. Plaintiff has made proper demand upon Defendant for payment of the benefits due and to be due in the future.

13. Defendant through its authorized agent, servant or employee Chuck Johnson, (designated Appeal Review Consultant) through letter to Plaintiff's attorney of February 28, 2001, has denied Plaintiff's claim stating, "At this time, Mr. Howard's administrative rights to review have been exhausted and no further reviews will be conducted by Liberty Life Assurance

Company of Boston", and concluding, "We have rendered our final determination of this claim and will now close our file".

14. The above-mentioned decision by Defendant which denied Plaintiff of the rights and benefits due Plaintiff under the above-mentioned disability policy was arbitrary, illegal, capricious, unreasonable, and not made in good faith and is breach of Defendant's fiduciary duty which is owed to Plaintiff, in that Defendant:

    (a) Recklessly ignored the extensive medical findings of Plaintiff's treating physicians attesting to his total disability as defined within the parameters of Defendant's insurance policy;

    (b) Recklessly relied on the incomplete and invalid findings of its own Medical Director who did not examine Plaintiff but merely reviewed his medical file, and on incomplete and incorrect examination by a physical therapist;

    (c) Failed to have Plaintiff examined by a physician of its choosing or to arrange for an independent medical examination;

    (d) Refused to pay Plaintiff's physician, Dr. Powers, for additional medical documentation in support of Plaintiff's claim;

    (e) Ignored a letter from Plaintiff's employer attesting to his inability to perform work allowing for hourly brakes as recommended by Plaintiff's doctor; and attesting to his inability to serve in his previous position at Hershey Medical Center; and

 (f) Advised Plaintiff that his claim was denied before receiving its Medical Director's findings or the results of its functional capacity evaluation.

15. Defendant insurance company pays benefits out of its own funds.

16. Defendant insurance company determines benefit eligibility and administers plan funds.

17. Defendant insurance company both determines eligibility for benefits and pays the benefits out of its own funds.

18. Therefore, there is a conflict of interest and bias amounting to an arbitrary and capricious denial decision.

19. Defendant's decision as set forth above denies Plaintiff of the rights and benefits due under the above mentioned policy and was bias and prejudicial as the result of the inherent conflict of interest.

WHEREFORE, Plaintiff requests judgment be entered against Defendant as follows:

(a) Ordering Defendant to pay Plaintiff all benefits due under said policy for continuing long-term disability benefits;

(b) Awarding Plaintiff pre-judgment interest from the inception of Plaintiff's disability until the date of judgment;

(c) Awarding Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

(d)     Granting Plaintiff such other and further relief as the court may deem just and proper.

RHOADS & SINON LLP

By: _____
John C. Dowling, Esquire
Attorney I.D. No. 07058
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff

Date: July 11, 01

## VERIFICATION

I hereby affirm that the following facts are correct:

I am the Plaintiff herein.

The attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in preparation of my lawsuit. The language of the Complaint is that of counsel and not of me. I have read the Complaint and, to the extent that the Complaint is based on information which I have given to my counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the content of the Complaint is that of counsel, I have relied upon counsel in making this Verification. I hereby acknowledge that the facts set forth in the aforesaid Complaint are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Date: 7/6/01

CRAIG M. HOWARD

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD | : |
| Plaintiff | : |
| v. | : CASE NO: 1:CV-01-797 |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON | : JUDGE KANE |
| Defendant | : JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, John C. Dowling, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Complaint was served this _11_ day of July, 2001, via United States Mail, First Class, postage pre-paid, upon the following individual:

William C. Foster, Esquire
Kelly, McLaughlin & Foster
1617 J.F.K. Boulevard, Suite 1690
Philadelphia, PA 19103

RHOADS & SINON LLP

BY: _____
John C. Dowling, Esquire