# K LY, McLAUGHLIN & FOSTER ,LP

ATTORNEYS AT LAW
SUITE 350
620 W. GERMANTOWN PIKE
PLYMOUTH MEETING, PENNSYLVANIA 19462-1056

TELEPHONE (610) 941-7900
FAX (610) 941-8133

1617 JFK BOULEVARD
SUITE 1690
PHILADELPHIA, PA 19103-1815
TELEPHONE: (215) 790-7900
FAX: (215) 985-0675

WILLIAM C. FOSTER
DIRECT DIAL: (610) 941-7930
E-MAIL:
WFOSTER@LINKKMF.COM

ADMITTED IN PA, NJ

SUITE 332
900 HADDON AVENUE
COLLINGSWOOD, NJ 08108-1908
TELEPHONE: (856) 869-3100
FAX: (856) 854-4233

OUR FILE: 17307

July 23, 2001

VIA OVERNIGHT MAIL

The Honorable Yvette Kane
United States District Court
Middle District of Pennsylvania
Federal Building, Room 830
222 Walnut Street
Harrisburg, PA 17108

FILED
HARRISBURG, PA
JUL 2 4 2001
MARY E. D'ANDREA, CLERK
Per _____

Re:   Howard v. Liberty Life Assurance Company of Boston
      Docket No.: 1-CV-01-797

Dear Judge Kane:

Pursuant to this Court's Order dated July 2, 2001, Defendant Liberty Life Assurance Company of Boston ("Liberty Life") submits its letter brief regarding the scope of discovery in this matter.

Plaintiff aptly notes that the evidence which may be presented at the time of trial is limited to the evidence which was before the decision maker at the time of final denial. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3rd Cir. 1997); see also Abnathya v. Hoffman La-Roche, Inc., 2 F.3d 40, 48 n.8 (3rd Cir. 1995) (finding that the Court cannot consider evidence which was not before the plan's committee when the determination was made to deny Plaintiff benefits); Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136, 142 (3rd Cir. 2000) (same); Ernest v. The Plan Administrator of the Textron Insured Benefits Plan, 124 F.Supp.2d 884, 893 (M.D.Pa. 2000) (same).

Presently before this Court is the issue concerning Plaintiff's request to conduct extensive discovery. This discovery purportedly pertains to the application of the "sliding scale" approach under the arbitrary and capricious standard of review. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3rd Cir. 2000).

Plaintiff contends that extensive discovery is necessary, including the depositions of Liberty Life's officer, directors, employees, and other unidentified individuals. Liberty Life disputes that such broad discovery is necessary. In order for this Court to assess the proper

The Honorable Yvette K.
July 18, 2001
Page 2

"sliding scale" which must be applied in its review of this case, the Court need only review the record which was before the decision maker at the time of final denial. Otherwise, the purpose of ERISA will be violated with protracted discovery and a trial on issues which are collateral to Plaintiff's claim.

A similar issue was addressed by the court in Newman v. Standard Ins. Co., 997 F.Supp. 1276 (C.D.Ca. 1998). In that case, the Plaintiff filed a Motion to obtain discovery regarding the Defendant on the issue of whether the Defendant's decision was tainted by its apparent conflict as the administrator and funding source of the Plan. The Plaintiff contended that "'the material, probative evidence beyond the mere fact of the apparent conflict, tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary.'" Id. at 1280. The court denied Plaintiff's Motion. As part of its reasoning, the court stated as follows:

> Although this makes a certain amount of logical sense, there are immense practical problems associated with this position. If this position were the law, then every ERISA case involving an administrator who is also the Plan funding source would involve far-reaching, open-ended, nearly limitless discovery. Plaintiffs would depose claims reviewers, consulting physicians, and corporate officers of plan administrators. They could inspect claims manuals and other documents describing the claims review process, and personnel files, employee evaluations, and other documents tending to show that employees of the administrator were pressured or rewarded for denying claims. Then, following this discovery, the issue of the decisionmaker's motivation would be extensively litigated, perhaps involving days or weeks of testimony. The expense of ERISA litigation could easily be more than the benefits at issue.
>
> Such an outcome flies in the face of the purpose of ERISA. "A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." Allowing the far-reaching discovery requested by Plaintiff would completely frustrate this purpose. Moreover, Plaintiff cites no authority supporting its asserted right to conduct this discovery. Lang, the case relied on the most by Plaintiff, does not support Plaintiff's request for discovery. Rather, the material probative evidence in Lang, namely the inconsistency in the administrator's explanations, came from the administrative record itself.
>
> For these reasons, this Court holds that Plaintiff is not entitled to take discovery on the issue of whether Standard's determination

was tainted by self- interest.

Id. at 1280 (internal citations omitted).

In Perry v. Simplicity Engineering, 900 F.2d 963 (6th Cir. 1990), the circuit court stated the following regarding ERISA:

> A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal. If the district courts heard evidence not presented to plan administrators, employees and their beneficiaries would receive less protection than Congress intended.

Id. at 967.[1]

The cases cited by Plaintiff do not support his contention that extensive discovery should be permitted in this case.

In Plaintiff's letter brief to the Court dated July 11, 2001, Plaintiff cites the case of Davies v. The Paul Revere Life Ins. Co., 2001 WL 681321 (M.D.Pa.). This case is inapposite for the issue presently before this court. Plaintiff summarizes four (4) factors from that case, however, there is no showing from that opinion that the Plaintiff was permitted to engage in extensive discovery regarding the "sliding scale" approach. Further, nowhere in the opinion does the court state that information necessary to address the "sliding scale" approach was obtained through depositions or written discovery.

Plaintiff also relies upon the case of Lasser v. Reliance Standard Life Ins. Co., 2001 WL 672579 (D.N.J.). This case, however, also does not specifically address the scope of discovery regarding the "sliding scale" approach. Further, in his letter brief to the court, Plaintiff does not specifically argue the applicability of Lasser to this issue.

In the case of Cohen v. Standard Ins. Co., 2001 WL 527812 (E.D.Pa.), the court does not state in its opinion that it considered evidence beyond the record in its determination of the "sliding scale" standard. In fact, the court continuously references the record to arrive at its determination regarding this standard. Id. at *4-*5.

Plaintiff's reliance upon Cohen v. Liberty Life Assurance Co., 2000 WL 892855 (E.D.Pa.) is also misplaced. Contrary to Plaintiff's contention, the court did not find that the

---

[1] Although Perry involved a de novo standard of review, the public policies behind ERISA remain the same under either standard of review.

The Honorable Yvette K?
July 18, 2001
Page 4

defendant acted in an arbitrary and capricious manner. The matter was before the court on summary judgment and there was no finding of liability issued by the court. Further, the opinion issued by the court does not specifically address the issue which is presently before this court, and Plaintiff does not explain the applicability of that case to this issue.

Plaintiff's request to conduct extensive discovery would clearly frustrate the purpose of ERISA. Lengthy discovery would unnecessarily delay the litigation of this claim and expose both parties to costs which may exceed the value of Plaintiff's claim. For these reasons, it is submitted that this court should deny Plaintiff's request to conduct extensive discovery.

We appreciate your Honor's consideration of this matter.

Respectfully submitted,

KELLY, McLAUGHLIN & FOSTER, LLP

William C. Foster

wcf/slc
cc:   John C. Dowling, Esq. (via overnight mail)