## RHOADS & SINON LLP

| ROBERT H. LONG, JR.* | SHAWN D. LOCHINGER | | OF COUNSEL |
|---|---|---|---|
| SHERILL T. MOYER | JAMES H. CAWLEY | ATTORNEYS AT LAW | FRANK A. SINON |
| JAN P. PADEN | DEAN F. PIERMATTEI | TWELFTH FLOOR | HENRY W. RHOADS |
| RICHARD B. WOOD | KENNETH L. JOEL | ONE SOUTH MARKET SQUARE | JOHN C. DOWLING |
| LAWRENCE B. ABRAMS III* | DEBRA M. KRIETE | P.O. BOX 1146 | R. STEPHEN SHIBLA |
| J. BRUCE WALTER | TODD J. SHILL | HARRISBURG, PA 17108-1146 | |
| JOHN P. MANBECK | LORI J. McELROY | | |
| FRANK J. LEBER | THOMAS J. NEHILLA | | PAUL H. RHOADS |
| PAUL A. LUNDEEN | KEVIN M. GOLD | | 1907-1984 |
| JACK F. HURLEY, JR. | CARL D. LUNDBLAD | | JOHN M. MUSSELMAN |
| DAVID B. DOWLING | JAMES E. ELLISON | TELEPHONE (717) 233-5731 | 1919-1980 |
| DAVID F. O'LEARY | RICHARD E. ARTELL | | CLYLE R. HENDERSHOT |
| DAVID O. TWADDELL | ROBERT J. TRIBECK | | 1922-1980 |
| CHARLES J. FERRY | TIMOTHY J. NIEMAN | FAX (717) 231-6637 | |
| STANLEY A. SMITH | PAUL J. BRUDER, JR. | EMAIL jdowling@rhoads-sinon.com | |
| JENS H. DAMGAARD* | JOANNE BOOK CHRISTINE | WEBSITE: www.rhoads-sinon.com | DIRECT DIAL NO. |
| DRAKE D. NICHOLAS | SUSAN E. SCHWAB | | 231-6647 |
| THOMAS A. FRENCH | AMY J. MENDELSOHN* | | |
| DEAN H. DUSINBERRE | MICHAEL W. WINFIELD** | | FILE NO. |
| DONNA M.J. CLARK | KATHRYN G. SOPHY | July 27, 2001 | |
| CHARLES E. GUTSHALL | STEPHANIE E. DIVITTORE | | 7583/01 |
| PAUL F. WESSELL | KIMBERLY L. SNELL-ZARCONE | | |
| | KATHLEEN D. BRUDER | | |

*ALSO ADMITTED TO THE FLORIDA BAR
**ALSO ADMITTED TO THE MARYLAND BAR

Re:   Craig M. Howard v. Liberty Life Assurance Company of Boston
USDC, Middle District, PA   Civil Action No. 1:CV-01-797

Honorable Yvette Kane                **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA  17108

FILED
HARRISBURG, PA

JUL 3 0 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

Dear Judge Kane:

In reply to Defendant's belated response to your Order of July 2, 2001 Plaintiff reasserts that the Third Circuit's very recent decision in Pinto is no way diminished by an earlier District Court decision from California, i.e. Newman v. Standard Ins. Co., 997 F.Supp. 1276 (C.D.Ca. 1998).

Further enunciating the form of discovery permitted by Pinto is Friess v. Reliance Standard Life Insurance, 122 F.Supp.2d 566, 575 (E.D.Pa. November 29, 2000) which stated:

> "Rather, the intensity of review should increase in proportion to the intensity of the conflict.  See Pinto, 214 F.3d at 393.  The Third Circuit instructed district courts to 'consider the nature and degree of apparent conflicts with a view to shaping their arbitrary and capricious review....'

-----------------------------

To arrive at the proper standard of review, the district court must make a finding on the extent to which conflicts of interest warrant increased scrutiny.  Pinto held that the district court, while forbidden from expanding the administrative record on the historic facts that informed the administrator's decision, may take evidence regarding the conflict of interest and ways in which the conflict may have influenced that decision. The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the information accessible to the parties, the exact financial relationship between the insurer and the employer company, the current

395822.1

Honorable Yvette Kane
July 27, 2001
Page 2

> status of the fiduciary, and the stability of the employer company. Such evidence equips the district court to review the contested decision under an 'arbitrary and capricious' standard heightened according to the potency of the conflict.
>
> ------------------------------
>
> While Reliance has discretion, if its judgment is compromised by conflicts of interest, the highly deferential standard of arbitrary and capricious review must be adapted. Conflicts must be factored into the deference shown to the administrator" determination."

Judge Brody concluded by stating:

> "In determining the influence of the potential conflict on the decision to deny Friess LTD benefits, I must consider the process by which Reliance reached that decision.
>
> ------------------------------
>
> "I defer my conclusion to allow the parties to gather evidence on the conflict of interest and the ways in which the conflict ought to shape the heightened arbitrary and capricious standard of review described in Pinto v. Reliance Standard Life Insurance Co…"

Defendant rather ingeniously argues that the purpose of ERISA which is to provide for expeditious and inexpensive resolution of disputes will be hindered by discovery; while it is Defendant's capricious and arbitrary refusal to acknowledge Plaintiff's just claim that has triggered the discovery necessary to place before the Court those factors mandated by Pinto.

Defendant further opines that the cost of this essential discovery may exceed the value of Plaintiff's claim. This is highly speculative considering Plaintiff's age (44) with a long-term disability maximum benefit period extending to age 65.

Honorable Yvette Kane
July 27, 2001
Page 3

      Defendant's critique of decisions cited by Plaintiff is unfounded, misstated, and incorrect as a reading of the Opinions will disclose.

                    Respectfully Submitted,

                    RHOADS & SINON LLP

                    By: _____
                          John C. Dowling

DBD/clz

cc:    William C. Foster, Esquire