**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG M. HOWARD** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. 1:CV-01-0797 |
| v. : | |
| : | Judge Kane |
| **LIBERTY LIFE ASSURANCE** : | |
| **COMPANY OF BOSTON,** : | |
| **LIBERTY MUTUAL GROUP** : | |
| : | |
| **Defendant.** : | |



## ANSWER TO AMENDED COMPLAINT
## WITH AFFIRMATIVE DEFENSES

The Answer with affirmative defenses of Defendant Liberty Life Assurance Company of Boston ("Liberty Life") to the Amended Complaint of Craig M. Howard respectfully represents as follows:

1. Admitted that Plaintiff is an adult individual who resides at the stated address. The remaining allegations of this Paragraph are denied. Based upon documents that have been provided by Plaintiff to Liberty Life, Plaintiff is 44 years of age at the present time.

2. Admitted.

3. It is admitted that Liberty Life conducts business in Dauphin County, Pennsylvania and it is admitted that Liberty Life sells Group Long Term Disability insurance in the Commonwealth of Pennsylvania. The remaining allegations of Paragraph 3 are conclusions of law to which no responsive pleading is required.

4. Admitted.

5. Denied as stated. It is admitted that a Plan identified as " Geisinger Health System

Welfare Plan" (the "Plan") was in existence on August 1, 1998 and it is admitted that identification numbers applicable to that Plan were IRS Identification No. 23-2164794 and Plan No. 513. It is furthermore admitted that Policy Number GF3-810-252761-01 (the "Policy") was issued by Liberty Life. This Policy provided certain disability coverages for certain individuals who meet the definition of disability set forth in the Policy. It is denied that the Policy is attached to Plaintiff's Complaint and marked Exhibit "1".

6. Liberty Life is without knowledge or information sufficient to form a belief as to the truth of the allegations of this Paragraph.

7. Denied as stated. It is averred, to the contrary, that the Policy provides, <u>inter alia</u>, as follows:

> "Disability" and "Disabled" means:
>
> i. If you are eligible for the 24 Month Own Occupation Benefit, "Disability" or "Disabled" means during the Elimination Period and the next 24 months of Disability you are unable to perform all of the material and substantial duties of your occupation on an Active Employment basis because of an Injury or Sickness; and

It is admitted that section (ii) of the definition of "Disability" and "Disabled" provides as set forth by Plaintiff.

8. Admitted in part; denied in part. It is admitted that Plaintiff has made a claim for disability benefits, asserting that he last worked in January 2, 2000 and it is admitted that the Elimination Period for persons entitled to disability benefits in accordance with the terms of the Plan's Certificate of Coverage is 180 days. It is denied that Plaintiff is entitled to disability benefits under the Policy because he does not meet the definition of disability set forth in the Policy. The

2

remaining allegations set forth in this Paragraph are denied.

    9.    Denied. It is admitted that Plaintiff has made a claim for disability benefits and it is admitted that the benefits schedule provides for certain benefits for disabled persons. It is denied that Plaintiff is entitled to disability benefits under the Policy because he does not meet the definition of disability set forth in the Policy. The remaining allegations set forth in this Paragraph are denied.

    10.    Admitted in part; denied in part. It is admitted that Plaintiff has made a claim for disability benefits upon Liberty Life. It is denied that Plaintiff is totally and permanently disabled and it is denied that he is entitled to benefits under the terms of the Policy. The remaining allegations of this Paragraph are denied.

    11.    Admitted in part; denied in part. It is admitted that Plaintiff has made a claim for disability benefits upon Liberty Life. It is denied that Plaintiff has fully complied with the terms of the Policy to receive benefits, and it is denied that Plaintiff is totally and permanently disabled. The remaining allegations of this Paragraph are denied.

    12.    Admitted in part; denied in part. It is admitted that Plaintiff has made a claim for disability benefits upon Liberty Life. It is denied that benefits are due and are to be due to Plaintiff in the future. The remaining allegations of this Paragraph are denied.

    13.    It is admitted that Chuck Johnson, an Appeal Review Consultant employed by Liberty Life, wrote a letter dated February 28, 2001 and it is admitted that this letter, inter alia, made the statements set forth in this Paragraph. The remaining allegations contained in this Paragraph are denied as the correspondence dated February 28, 2001 is a document which speaks for itself. By way of further response, additional information was also set forth in this letter. A copy

3

of this letter is attached hereto and marked Exhibit "A".

14(a)-(f).    Denied. The allegations contained in Paragraphs 14(a) through (f), inclusive, are conclusions of law which are denied. By way of further response, it is denied that Defendant Liberty Life acted in an arbitrary, illegal, capricious, unreasonable, reckless, not in good faith, or breached its fiduciary duty at any time or in any manner. It is averred, to the contrary, that Liberty Life properly handled Plaintiff's claim at all times. Further, Plaintiff is not entitled to disability benefits under the Policy because he does not meet the definition of disability set forth in the Policy.

15.    Denied as stated. It is admitted that Liberty Life pays Long Term Disability benefits to claimants who qualify for such benefits under certain policies of insurance and it is admitted that these payments are made from funds derived from premium payments made to Liberty Life by its policyholders.

16.    It is admitted that Liberty Life determines eligibility for benefits under the Policy of Insurance referred to at paragraph 5 of this Complaint.

17.    Denied as stated. It is admitted that Liberty Life determines eligibility for benefits and pays Long Term Disability benefits to claimants who qualify for such benefits under certain policies of insurance and it is admitted that these payments are made from funds derived from premium payments made to Liberty Life by its policyholders.

18.    Denied. The allegations contained in this Paragraph are conclusions of law which are denied. By way of further response, it is denied that that the decisions made by Liberty Life in this case resulted from any alleged conflict of interest or bias. It is also denied that Liberty Life acted in an arbitrary or capricious manner in the handling of this claim.

19.    Denied. The allegations contained in this Paragraph are conclusions of law which

are denied. By way of further response, it is denied that Plaintiff is entitled to benefits under the terms of the Policy, and it is denied that Liberty Life acted with bias or prejudice toward Plaintiff.

WHEREFORE, Defendant Liberty Life Assurance Company of Boston respectfully requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, controlled and limited the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA")

### SECOND AFFIRMATIVE DEFENSE

At all times material hereto, Liberty Life acted reasonably and in good faith.

### THIRD AFFIRMATIVE DEFENSE

Liberty Life's actions were supported by substantial evidence. These actions were not arbitrary, capricious or an abuse of discretion.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim does not fall within the scope of coverage of the Policy referred to in this Answer and it is barred by the terms, conditions, definitions, exclusions and limitations set forth in that Policy.

### FIFTH AFFIRMATIVE DEFENSE

Liberty Life provided adequate written notice of the denial to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or claim upon which relief can be granted.

5

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is precluded by the determination of Liberty Life that Mr. Howard is not entitled to benefits. This denial was appealed by the claimant pursuant to the provisions of the Plan of Geisinger Health System, which Plan was established pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA"), and, February 28, 2001, Liberty Life upheld the denial. This determination is final and, as a result of it, Plaintiff is not entitled to proceed with this claim.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts state law claims, all such claims are barred and preempted by the provisions of the Employee Retirement Income Security Act 29 U.S.C. §1001 et seq. ("ERISA")

## NINTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's complaint seeks to assert claims for breach of contract, breach of the obligation of good faith and fair dealing and claims of bad faith denial of benefits, all such claims are barred and preempted by the provisions of the Employee Retirement Income Security Act 29 U.S.C. §1001 et seq.("ERISA")

WHEREFORE, Defendant Liberty Life Assurance Company of Boston respectfully requests that the Court enter an Order dismissing the Complaint of Plaintiff, with prejudice, and entering judgment in its favor.

KELLY, McLAUGHLIN & FOSTER

By: _____
William C. Foster, Esquire
Identification No. 03511
Attorneys for Defendant
Liberty Life Assurance Company
of Boston

EXHIBIT A



February 28, 2001

Rhoads & Sinon, LLP
Attorneys at Law
Attn: John Dowling
One South Market Square
PO Box 1146
Harrisburg PA 17108-1146

Liberty Mutual Group

Group Disability Claims
PO Box 1525
Dover, NH 03821
(603) 749-2600

RE: Long Term Disability Benefits
Penn State Geisinger
Claimant: Mr. Craig Howard
Claim #: 641498

Dear Attorney Dowling:

We have completed our review of your request for reconsideration of Mr. Craig Howard's Long Term Disability claim and have determined we are unable to alter our original decision to deny his benefits.

As stated in our letter of July 25, 2000, the Penn State Geisinger Long Term Disability policy, under which he is covered, states:

"Disability" or "Disabled" means:

i. *During the Elimination Period and the next 24 months of Disability you are unable to perform all of the material and substantial duties of your occupation on an Active Employment basis because of an Injury or Sickness; and*

ii. *After 24 months of benefits have been paid, you are unable to perform, with reasonable continuity, all of the material and substantial duties of your own or any other occupation for which you are or become reasonably fitted by training, education, experience, age and physical and mental capacity.*

The basis for Mr. Howard's denial was outlined in our letter of July 25, 2000, which is enclosed for your review.

*February 28, 2001*
*Craig Howard*
*Page 3.*

We received your letter dated December 19, 2000, on Mr. Howard's behalf, and the additional documentation. However, this information was already contained in Mr. Howard's file. On January 16, 2001, Mr. Howard informed us that Dr. Powers' office never received the copy of the FCE. We faxed another copy of the evaluation to Dr. Powers' office, attention Jamie, on January 17, 2001, asking for Dr. Powers' comment. We sent you a letter updating you on the status of Mr. Howard's appeal and asked for any additional medical records you wished to be part of Mr. Howard's appeal be submitted by January 31, 2001. To date, we have not received any additional medical documentation or a response from Dr. Powers.

In our attempt to provide a full and fair review, we referred Mr. Howard's file to our Medical Director, Dr. Edward Crouch. On February 7, 2001, Dr. Crouch called Dr. Powers' office in order to schedule a time convenient for Dr. Powers to discuss Mr. Howard's condition. Dr. Crouch was informed to call back on Monday, February 12, 2001. Dr. Crouch called back on February 12, 2001, and left a message asking Dr. Powers to return his call. To date, there has been no response from Dr. Powers' office to discuss the patient or to schedule a time to discuss the patient.

Mr. Howard's occupation, as a Staff Assistant, is considered sedentary and no heavy lifting is involved. He has the ability to modify positions or activities based upon physical need. Thus, it has been determined that Mr. Howard has the physical functional capacity to perform the material and substantial duties of his occupation. Therefore, he does not meet the definition of disability under the terms of Penn State Geisinger's disability policy and no benefits are payable.

Under ERISA guidelines, Mr. Howard was entitled to appeal the determination made by Liberty Life Assurance Company of Boston, and submit any additional information wished to be considered as part of the appeal. Liberty Life Assurance Company of Boston conducted a full and fair review of the appeal and accompanying materials and notified you and Mr. Howard of the results of that review. At this time, Mr. Howard's administrative rights to review have been exhausted and no further reviews will be conducted by Liberty Life Assurance Company of Boston.

*February 28, 2001*
*Craig Howard*
*Page 2.*

We received Mr. Howard's appeal letter and a medical narrative from Dr. Powers on July 31, 2000. As outlined in our letter of October 6, 2000, we were in the process of obtaining authorization from Dr. Powers to proceed with a Functional Capacities Evaluation. This was completed and the exam was scheduled for September 22, 2000. At that time, Mr. Howard informed us that he would be unable to attend that exam and that he recently had an exam performed by the Social Security Administration. Mr. Howard agreed to obtain a copy of the evaluation and submit it to us for review.

On October 25, 2000, we received a copy of Mr. Howard's Social Security award letter, a letter from Ms. Mary Bednar at Hershey Medical Center, and the first page of the evaluation performed on May 11, 2000, by Dr. Stuart A. Hartman, D.O. for the Social Security Administration. On November 3, 2000, we received the remainder of the exam from Dr. Hartman.

Based on the results of this examination, it was determined we would schedule an additional FCE, with a physical therapist. The Functional Capacities Evaluation was performed on November 9, 2000. After performing a battery of tests, the results of the evaluation concluded:

> *The results of this evaluation indicate that Craig M. Howard is best suited for a sedentary and/or light work category for an 8 hour day (US Dept. of Labor). His maximum occasional lifts were 31 and 21 pounds. His sitting tolerance was demonstrated on an occasional basis and required frequent positional changes. He tolerated standing and walking on a frequent basis.*
>
> *It is the opinion of this evaluation team that these results represent Mr. Howard's minimal capabilities and not his maximal capabilities.*

The results of this examination were forwarded to Dr. Powers, Mr. Howard's treating physician, for comment and additional medical documentation if he disagreed with the findings. On December 20, 2000, we received a fax from Dr. Powers' office stating that pre-payment of $250.00 was needed in order to provide any comment.

*February 28, 2001*
*Craig Howard*
*Page 4.*

Determinations made by Liberty Life Assurance Company of Boston are based on the provisions outlined in the Penn State Geisinger policy. These provisions are not contingent on decisions made by the Social Security Administration.

We have rendered our final determination of this claim and will now close our file.

Sincerely,

Chuck Johnson
Appeal Review Consultant

cc:   Craig Howard
      25 S Lingle Ave
      Palmyra PA  17078

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD | : |
| Plaintiff, | : |
| | : Case No. 1:CV-01-0797 |
| v. | : |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY MUTUAL GROUP | : JURY TRIAL DEMANDED |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of Defendant Liberty Life Assurance Company of Boston's Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served this 1st day of August, 2001, via UPS Overnight Mail, postage pre-paid, upon the following individual:

John C. Dowling, Esquire
Rhoads & Sinon, LLP
1 South Market Square
P.O. Box 1146
Harrisburg, PA 17108-1146

KELLY, McLAUGHLIN & FOSTER

By: _____
WILLIAM C. FOSTER, ESQUIRE
Attorney for Defendant
Liberty Life Assurance Company of Boston

Dated: 8/1/01

8