IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG M. HOWARD          :
          Plaintiff,          :
                              :
     v.                       :          CIVIL ACTION NO. 1:CV-01-797
                              :          (Judge Kane)
LIBERTY LIFE ASSURANCE        :
COMPANY OF BOSTON,            :                    **FILED**
LIBERTY MUTUAL GROUP          :          HARRISBURG, PA
          Defendant.          :
                                         OCT 0 2 2001

**MEMORANDUM AND ORDER**          MARY E. D'ANDREA, CLERK
                                  PER_____/DEPUTY CLERK

Now before the Court is a dispute between the parties concerning the scope of discovery

relevant to review of Defendant's decision to deny Plaintiff benefits under an ERISA-covered

plan. Plaintiff seeks to depose Defendant's officers, directors, employees, and unidentified

individuals to discover the nature and extent of a potential conflict of interest in Defendant's

position as administrator and funder of the ERISA benefits at issue in this case. After

consideration of the parties' letter briefs and its own research, the Court issues the following

opinion:

Pursuant to the US Supreme Court in Firestone Tire & Rubber Co. v. Bruch, a

"heightened" standard is appropriate when reviewing benefit denials of insurance companies that

pay ERISA benefits out of their own funds. Firestone Tire & Rubber Co. v. Bruch, 489 U.S.

101, 115 (1989). See also, Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3d Cir. 2000).

In Pinto, the Third Circuit adopted the "sliding scale" approach to review under a heightened

arbitrary and capricious standard where, as here, there is such a conflict of interest. In deciding

where on that "sliding scale" a case falls, and therefore how deferentially to review the

administrator's decision, the Court may "take evidence regarding the conflict of interest, and ways in which the conflict may have influenced the decision." Id., 214 F.3d at 395. Therefore, Plaintiff is entitled to depose Defendant's officers, directors, employees, and others, and discover other evidence, relevant to "the sophistication of the parties, the information accessible to the parties, . . . the exact financial arrangement between the insurer and the company, [and] . . . the current status of the fiduciary." Id., 214 F.3d at 392. **IT IS SO ORDERED**.

Yvette Kane
United States District Judge

Dated: October 2, 2001.

2