

ORIGINAL

FILED
HARRISBURG

DEC 2 1 2001

MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG M. HOWARD          :
       Plaintiff          :
                     :
                     :
       v.          : CASE NO: 1:CV-01-797
                     :
LIBERTY LIFE ASSURANCE      : JUDGE KANE
COMPANY OF BOSTON,          :
LIBERTY MUTUAL GROUP,       :
       Defendant          : JURY TRIAL DEMANDED
.. .. .. .. .. .. .. .. .. .. .. .. .. .. :

## UNOPPOSED MOTION TO AMEND SCHEDULING ORDER

Plaintiff, Craig M. Howard, ("Plaintiff") and Defendant, Liberty Life

Assurance Company of Boston, Liberty Mutual Group, ("Defendant"), hereby

request this Court to amend its Scheduling Order, dated September 28, 2001, to

extend fact discovery until February 25, 2002 and to extend the time for filing

dispositive motions until April 15, 2002. In support of such Motion, Plaintiff

states as follows:

413160.1

1.    Counsel for both Plaintiff and Defendant concur in the filing of this Motion; although Defendant's counsel does not necessarily agree with the averments therein.

2.    On September 28, 2001, this Court issued its Scheduling Order, wherein it directed that fact discovery be completed by January 25, 2002, and that dispositive motions be filed by March 15, 2002.

3.    On October 19, 2001, Plaintiff served interrogatories on Defendant, see copy attached and marked as Exhibit "A".

4.    On December 3, 2001, Plaintiff's counsel wrote Defendant's counsel noting that the answers to the interrogatories had been well over due.  (Copy of the letter is attached and marked as Exhibit "B").

5.    Plaintiff received Defendant's answers on December 18, 2001, copy of which is attached and marked as Exhibit "C".

6.    Defendant's answer was not filed until some thirty days after the thirty day limit required for answers to the interrogatories.   Furthermore, Defendant's answers to the majority of the interrogatories simply either object or state that the material had already been supplied.

413160.1

7. The interrogatories are in conformance with Judge Kane's Case Management Order and in the scope of discovery as allowed.

8. Information sought in the interrogatories is necessary to fashion further discovery such as depositions, admissions, etc.

9. Judge Kane's Scheduling Order required close of fact discovery on January 25, 2002.

10. Plaintiff's counsel has been hospitalized from December 17 to December 20 and was unable during that period to proceed with the matter.

11. Plaintiff intends to file an appropriate Motion to Compel Discovery within ten days.

12. Plaintiff respectfully requests a 30 day extension of time to complete fact discovery and a 30 day extension of time for dispositive motions and supporting briefs.

WHEREFORE, Plaintiff and Defendant respectfully request this Court grant the within Motion to Amend Scheduling Order.

Respectfully submitted,

RHOADS & SINON LLP

By: _____
John C. Dowling
Attorney I.D. No. 07058
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for
Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG M. HOWARD | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO:  1:CV-01-797 |
| | : | |
| LIBERTY LIFE ASSURANCE | : | JUDGE KANE |
| COMPANY OF BOSTON, | : | |
| LIBERTY MUTUAL GROUP, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

### CERTIFICATE OF CONCURRENCE

Pursuant to Local Rule 601.1, the undersigned hereby certifies that he spoke with William C. Foster, Esquire, counsel for Defendant on or about December 21, 2001 and was advised that the Defendant concurred in the foregoing Unopposed Motion to Amend Scheduling Order.

RHOADS & SINON LLP

BY: _____

John C. Dowling
Attorney I.D. No. 07058
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731
Attorneys for Plaintiff

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD | : |
| Plaintiff | : |
| | : |
| v. | : CASE NO: 1:CV-01-797 |
| | : |
| LIBERTY LIFE ASSURANCE | : JUDGE KANE |
| COMPANY OF BOSTON, | : |
| LIBERTY MUTUAL GROUP, | : |
| Defendant | : JURY TRIAL DEMANDED |

............................................:

## PLAINTIFF'S INTERROGATORIES DIRECTED TO
## DEFENDANT – FIRST SET

TO:    Liberty Life Assurance Company of Boston
       c/o William C. Foster, Esquire
       Kelly, McLaughlin & Foster, LLP
       1617 J.F.K. Boulevard, Suite 1690
       Philadelphia, PA 19103

PLEASE TAKE NOTICE that you are required to answer separately, fully, in writing and under oath by a duly authorized agent or representative, these interrogatories pursuant to Rule 33 Federal Rules of Civil Procedure within thirty (30) days of the date of service. Pursuant to Rule 26(e), these interrogatories are deemed to be continuing Interrogatories. If between the time of filing your answers and the time of trial of this matter, you, or anyone acting on your behalf, learn of any further information not contained in your answers, or if you learn that any information set forth in your answers is or has become inaccurate or incorrect, you shall promptly file and serve supplemental answers.

404163.1

## DEFINITIONS

The following definitions are applicable to these interrogatories:

"Document" means any written, handwritten, printed, typed, or other graphic matter of any kind or nature, however produced, reproduced or copied, including photographs, microfilms, phonographs, video and audio tapes, punch cards, magnetic tapes, discs, data cells, drums, and other data compilations, e-mail, and all other electronically stored data, however stored (including data files stored in/on office desktop computers/workstations, notebook/laptop computers, home computers, staff computers, palmtop devices or electronic organizers/secretaries, and network file servers/mini-computers; backup tapes including system-wide backups, disaster recovery backups, and personal or "ad hoc" backups; and other media sources including tape archives, replaced/removed drives, floppy diskettes, CD-ROMs, DVDs, zip cartridges, and other portable media), photographs, microfilms, video and audio tapes, and any other data compilations from which information can be obtained.

"Identify" or "Identity" means when used in reference to --
(1)    A natural person, his or her:

      (a)    full name; and

      (b)    present or last known residence and employment address (including street name and number, city or town, and state or county);

(2)    A document:

      (a)    its description (e.g., letter, memorandum, report, etc.), title, and date;

      (b)    its subject matter;

      (c)    its author's identity;

      (d)    its addressee's identity;

      (e)    its present location; and

      (f)    its custodian's identity;

(3)    An oral communication:

      (a)    its date;

      (b)    the place where it occurred;

   (c)  its substance;

   (d)  the identity of the person who made the communication;

   (e)  the identity of each person to whom such communication was made; and

   (f)  the identity of each person who was present when such communication was made;

  (4)  A corporate entity:

   (a)  its full corporate name;

   (b)  its date and place of incorporation, if known; and

   (c)  its present address and telephone number;

  (5)  any other context: a description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities, and documents.

"Incident" and/or "accident" means the occurrence that forms the basis of a cause of action or claim for relief set forth in the complaint or similar pleading.

"Person" means a natural person, partnership, association, corporation, or government agency.

"Plaintiff" means Craig M. Howard

"Defendant means "Liberty Life Assurance Company of Boston" "Liberty Mutual Group".

"Plan Administrator" means any and all employees or agents of Defendant who exercised any fact-finding or discretionary duties in relation to plaintiff's application for disability benefits.

"Employer" means Penn State Geisinger Health System

"Trustees" means all agents or employees of Defendant with discretionary power over any funds held by Defendant.

Unless otherwise specifically indicated, all of the terms herein are to be given their common, ordinary meanings.

- 3 -

For the purposes of these interrogatories, unless otherwise indicated, the singular includes the plural, and vice versa, and the masculine gender includes the feminine, and vice-versa.

## INSTRUCTIONS

The following instructions are applicable to these interrogatories:

(1)     Duty to answer. -- The interrogatories are to be answered in writing, verified, and served upon the undersigned within 30 days of their service on you.  Objections must be signed by the attorney making them;  In your answers, you must furnish such information as is available to you, your employees, representatives, agents, and attorneys.  Your answers must be supplemented and amended as required by the Pennsylvania Rules of Civil Procedure.

(2)     Claim of privilege.  --  With respect to any claim of privilege or immunity from  discovery,  you  must  identify  the  privilege  or  immunity  asserted  and  provide  sufficient information to substantiate the claim.

(3)     Option to produce documents.  --  In lieu of identifying documents in response  to  these  interrogatories,  you  may  provide  copies  of  such  documents  with  appropriate references to the corresponding interrogatories.

- 4 -

## **INTERROGATORIES**

1.      Please state the name, position, and business address of the person answering these interrogatories.

**ANSWER**

2.      Does Defendant have any written procedure or protocol governing the handling of disability claims?

**ANSWER**

3.      Whether any interview of Plaintiff's employer was conducted and if so, the areas of inquiry and with whom the interview was held?

**ANSWER**

4.      Please state the name and position of the individual, if any, who was given the primary responsibility of evaluating Craig Howard's application for disability.

**ANSWER**

- 6 -

5.    Please state the names and positions of all individual employees or agents of Defendant who reviewed the application or recommended any action upon the application.

**ANSWER**

6.    Please identify each and every medical report considered in the process of evaluating the application. Please state for each such report:

(a)    the date of the report;

(b)    the name, position or title, and address of the person who provided the report;

(c)    the diagnosis stated in the report;

(d)    the prognosis stated in the report.

**ANSWER**

- 7 -

7.      Please identify each and every report other than a medical report (for example, without limitations, the reports of rehabilitation services or any similar service) considered in the process of evaluating the application.  Please state for each such report:

         (a)      the date of the report;

         (b)      the name and address of the person or service who provided each report;

         (c)      if not provided in answer to (b), above, the name and title of the individual who actually signed the report;

         (d)      the conclusion stated in each report.

**ANSWER**

8.      Please identify any other reports or opinions, received or discovered in any manner that the Defendant relied upon in evaluation of Craig M. Howard's claim. If there are any such reports or opinions, please provide as to each:

         (a)      the date of the report or opinion;

         (b)      the name and address of the person or service who provided the report or opinion;

         (c)      if not provided in answer to (b), above, the name and title of the individual who actually signed the report or opinion;

         (d)      if the report or opinion was not received in writing, the manner in which it was received;

         (e)      the conclusion stated in each report.

9.    Please state any facts, other than those stated in answer to the preceding interrogatories, that in any way contributed to the determination that Craig M. Howard was not eligible to receive permanent and total disability benefits.

**ANSWER**

10.    Please state the date on which Craig M. Howard was notified by the Defendant that his application had been denied.

**ANSWER**

11.  Please state the reason(s) why the application was denied and identify each and every document that was used as a basis for that decision. Please provide specific reference to the pertinent Plan provisions on which the denial was based.

**ANSWER**

12.  If Defendant contends that Craig M. Howard is capable of performing an occupation for substantial remuneration, please identify with particularity said occupation(s) and the basis upon which you contend he can perform said occupation(s).

**ANSWER**

- 10 -

13.   Please set forth in detail in what manner Plaintiff has not fully complied with the terms of the policy to receive benefits as averred in ¶ 11 of Defendant's Answer to Plaintiff's Amended Complaint.

**ANSWER**

14.   Please set forth in detail what provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA") bar, control and limit the Plaintiff's claim as set forth in Defendant's First Affirmative Defense.

**ANSWER**

15. Please set forth in detail the substantial evidence alleged in the Third Affirmative Defense that Defendant's actions were not arbitrary, capricious or an abuse of discretion.

**ANSWER**

16. Please set in detail what written notice of denial was supplied to the Plaintiff, giving the date and the source.

**ANSWER**

17.    Please set forth in detail the underwriting criteria and what information was utilized in underwriting the insurance contract with Penn State Geisinger, Plan No. GF3-810-252761-01.

**ANSWER**

18.    Please identify the annual premium for the years 1998, 1999 and 2000 and for each such year:

(a)    Explain the premium was calculated;

(b)    What was the number of employees covered under the Plan;

(c)    Was the premium a fixed rate or was the policy experience rated;

(d)    Did the employer terminate the policy as a result of the Defendant's refusal to pay the Howard claim?

**ANSWER**

19.    Please set forth the number of similar Plans Defendant had in effect for the years 1998, 1999 and 2000, including the names of the respective employers.

**ANSWER**

20.    Detail the exact financial arrangements between Defendant and Penn State Geisinger Health System.

**ANSWER**

21.     What was the loss ratio for the years 1998, 1999 and 2000 and what effect did this
        have on the annual premium?

**ANSWER**

22.     Please set forth the net profits and the loss resulting from Defendant's contact
        with Penn State Geisinger Health System during the years 1998, 1999 and 2000.

**ANSWER**

23.    What reserve was established on Plaintiff's claim, on what date, and in what amount?

**ANSWER**

24.    List the names, addresses and titles of Defendant's officers, directors, and employees who participated in anyway in soliciting, underwriting and supervising Defendant's contract with Penn State Geisinger Health System.

**ANSWER**

25.    For the years 1998, 1999 and 2000, give the number of disability claims made by Penn State Geisinger Health System employees against Defendant.  Please state:

(a)    What number of claims was accepted;
(b)    What number of claims was rejected.

**ANSWER**

Respectfully submitted,

RHOADS & SINON LLP

By:    _____

John C. Dowling
Attorney I.D. No. 07058
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for
Plaintiff

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG M. HOWARD
        Plaintiff

v.                  :     CASE NO: 1:CV-01-797

LIBERTY LIFE ASSURANCE   :     JUDGE KANE
COMPANY OF BOSTON,
LIBERTY MUTUAL GROUP,     :
        Defendant        JURY TRIAL DEMANDED

## DEFENDANT'S ANSWERS TO
## PLAINTIFF'S INTERROGATORIES DIRECTED TO
## DEFENDANT FIRST SET

TO:    Liberty Life Assurance Company of Boston
       *c/o* William C. Foster, Esquire
       Kelly, McLaughlin & Foster, LLP
       1617 J.F.K. Boulevard, Suite 1690
       Philadelphia, PA 19103

PLEASE TAKE NOTICE that you are required to answer separately, fully, in writing and under oath by a duly authorized agent or representative, these interrogatories pursuant to Rule 33 Federal Rules of Civil Procedure within thirty (30) days of the date of service. Pursuant to Rule 26(e), these interrogatories are deemed to be continuing Interrogatories. If between the time of filing your answers and the time of trial of this matter, you, or anyone acting on your behalf, learn of any further information not contained in your answers, or **if** you learn that any information set forth in your answers is or has become inaccurate or incorrect, you shall promptly file and serve supplemental answers.

## DEFINITIONS

The following definitions are applicable to these interrogatories:

"Document" means any written, handwritten, printed, typed, or other graphic matter of any kind or nature, however produced, reproduced or copied, including photographs, microfilms, phonographs, video and audio tapes, punch cards, magnetic tapes, discs, data cells, drums, and other data compilations, e-mail, and all other electronically stored data, however stored (including data files stored in/on office desktop computers/workstations, notebook/laptop computers, home computers, staff computers, palmtop devices or electronic organizers/secretaries, and network file servers/mini-computers; backup tapes including system-wide backups, disaster recovery backups, and personal or "ad hoc" backups; and other media sources including tape archives, replaced/removed drives, floppy diskettes, CD-ROMs, DDS, zip cartridges, and other portable media), photographs, microfilms, video and audio tapes, and any other data compilations from which information can be obtained.

"Identify" or "Identity" means when used in reference to –
(1)    A natural person, his or her:

     (a)    full name; and

     (b)    present or last known residence and employment address (including street name and number, city or town, and state or county);

(2)    A document:

     (a)    its description (e.g., letter, memorandum, report, etc.), title, and date;

     (b)    its subject matter;

     (c)    its author's identity;

     (d)    its addressee's identity;

     (e)    its present location; and

     (f)    its custodian's identity;

(3)    An oral communication:

     (a)    its date;

     (b)    the place where it occurred;

     (c)    its substance;

     (d)    the identity of the person who made the communication;

     (e)    the identity of each person to whom such communication was made; and

     (1)    the identity of each person who was present when such communication was made;

(4)    A corporate entity:

     (a)    its full corporate name;

     (b)    its date and place of incorporation, if known; and

     (c)    its present address and telephone number;

*(5)*    any other context: a description with sufficient particularity that the thing may thereafter be specified and recognized, including relevant dates and places, and the identification of relevant people, entities, and documents.

"Incident" and/or "accident" means the occurrence that forms the basis of a cause of action or claim for relief set forth in the complaint or similar pleading.

"Person" means a natural person, partnership, association, corporation, or government agency.

"Plaintiff" means Craig M. Howard

"Defendant means "Liberty Life Assurance Company of Boston" "Liberty Mutual Group".

"Plan Administrator" means any and all employees or agents of Defendant who exercised any fact-finding or discretionary duties in relation to plaintiffs application for disability benefits.

"Employer" means Penn State Geisinger Health System

"Trustees" means all agents or employees of Defendant with discretionary power over any funds held by Defendant.

Unless otherwise specifically indicated, all of the terms herein are to be given

their common, ordinary meanings.

For the purposes of these interrogatories, unless otherwise indicated, the singular includes the plural, and vice versa, and the masculine gender includes the feminine, and vice-versa.

## INSTRUCTIONS

The following instructions are applicable to these interrogatories:

(1)    Duty to answer.  The interrogatories are to be answered in writing, verified, and served upon the undersigned within 30 days of their service on you. Objections must be signed by the attorney making them; In your answers, you must furnish such information as is available to you, your employees, representatives, agents, and attorneys. Your answers must be supplemented and amended as required by the Pennsylvania Rules of Civil Procedure.

(2)    Claim of privilege.  With respect to any claim of privilege or immunity from discovery, you must identify the privilege or immunity asserted and provide sufficient information to substantiate the claim.

(3)    Option to produce documents.  In lieu of identifying documents in response to these interrogatories, you may provide copies of such documents with appropriate references to the corresponding interrogatories.

## GENERAL OBJECTIONS

Liberty Life objects to Plaintiff's Definitions and Instructions to the extent that they request assume the truth of the matters asserted therein, request information which exceed the requirements or are beyond the scope of discovery pursuant to the Federal Rules of Civil Procedure. Without waiving these objections, Answering Defendant answers Plaintiff's Interrogatories as follows:

## INTERROGATORIES

1.    Please state the name, position, and business address of the person answering these interrogatories.

## ANSWER

Paula McGee

Counsel for Liberty Life also had involvement in the preparation of the responses to these Interrogatories.

2.    Does Defendant have any written procedure or protocol governing the handling of

disability claims?

**ANSWER**

Liberty Life is in possession of a claims procedure Manual. It objects to the request that it produce that Manual as the information contained in it is confidential. It will agree to produce a copy of this Manual if Plaintiff will agree to maintain its confidentiality and Plaintiff will agree to a Protective Order relating to it.

3.    Whether any interview of Plaintiffs employer was conducted and if so, the areas of inquiry and with whom the interview was held?

**ANSWER**

All communications between representatives of Liberty Life and representatives of The Milton S. Hershey Medical Center are described in the documents which have been provided to counsel for Plaintiff.

4.    Please state the name and position of the individual, if any, who was given the primary responsibility of evaluating Craig Howard's application for disability.

**ANSWER**

The meaning of the term "primary responsibility" as used in this Interrogatory is not clear. All individuals who participated in the consideration of this application are identified in the documents which have been provided to counsel for Plaintiff.

5.    Please state the names and positions of all individual employees or agents of Defendant who reviewed the application or recommended any action upon the application.

**ANSWER**

All such individuals are identified in the documents which have been provided to counsel for Plaintiff.

6.    Please identify each and every medical report considered in the process of evaluating the application. Please state for each such report:

    (a)    the date of the report;
    (b)    the name, position or title, and address of the person who provided the report;
    (c)    the diagnosis stated in the report;
    (d)    the prognosis stated in the report.

**ANSWER**

    (a)-(d)    Copies of all medical reports considered in evaluating this application are included among the documents which have been provided to counsel for Plaintiff.

7.    Please identify each and every report other than a medical report (for example, without limitations, the reports of rehabilitation services or any similar service) considered in the process of evaluating the application. Please state for each such report:

    (a)    the date of the report;
    (b)    the name and address of the person or service who provided each report;
    (c)    if not provided in answer to (b), above, the name and title of the individual who actually signed the report;
    (d)    the conclusion stated in each report.

**ANSWER**

    (a)-(d)    Copies of all such reports are included among the documents which have been provided to counsel for Plaintiff.

8.    Please identify any other reports or opinions, received or discovered in any manner that the Defendant relied upon in evaluation of Craig M. Howard's claim. If there are any such reports or opinions, please provide as to each:

    (a)    the date of the report or opinion;
    (b)    the name and address of the person or service who provided the report or opinion;
    (c)    if not provided in answer to (b), above, the name and title of the individual who actually signed the report or opinion;
    (d)    if the report or opinion was not received in writing, the manner in which it was received;
    (e)    the conclusion stated in each report.

**ANSWER:**

        (a)-(d)   Copies of all such reports or other documents considered are included among the documents which have been provided to counsel for Plaintiff.

      9.      Please state any facts, other than those stated in answer to the preceding interrogatories, that in any way contributed to the determination that Craig M. Howard was not eligible to receive permanent and total disability benefits.

**ANSWER:**

        Objected to as improper and argumentative.   The basis for the determination in this case is set forth in the documents which have been provided to counsel for Plaintiff.

      10.     Please state the date on which Craig M. Howard was notified by the Defendant that his application had been denied.

**ANSWER**

        This information is set forth in the documents which have been provided to counsel for Plaintiff.

      11.     Please state the reason(s) why the application was denied and identify each and every document that was used as a basis for that decision. Please provide specific reference to the pertinent Plan provisions on which the denial was based.

**ANSWER**

        This information is set forth in the documents which have been provided to counsel for Plaintiff.

      12.     If Defendant contends that Craig M. Howard is capable of performing an occupation for substantial remuneration, please identify with particularity said occupation(s) and the basis upon which you contend he can perform said occupation(s).

**ANSWER**

        This information is set forth in the documents which have been provided to counsel for Plaintiff.

13.    Please set forth in detail in what manner Plaintiff has not fully complied with the terms of the policy to receive benefits as averred in ¶ 11 of Defendant's Answer to Plaintiffs Amended Complaint.

**ANSWER:**

Plaintiff is not entitled to disability benefits under the Policy as he does not meet the definition of disability set forth in the Policy.

14.    Please set forth in detail what provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERJSA") bar, control and limit the Plaintiffs claim as set forth in Defendant's First Affirmative Defense.

**ANSWER:**

The Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. ("ERISA") bars any claim which Plaintiff may be asserting under state law.

15.    Please set forth in detail the substantial evidence alleged in the Third Affirmative Defense that Defendant's actions were not arbitrary, capricious or an abuse of discretion.

**ANSWER**

This information is set forth in the documents which have been provided to counsel for Plaintiff.

16.    Please set in detail what written notice of denial was supplied to the Plaintiff, giving the date and the source.

**ANSWER:**

This information is set forth in the documents which have been provided to counsel for Plaintiff.

17.    Please set forth in detail the underwriting criteria and what information was utilized in underwriting the insurance contract with Penn State Geisinger, Plan No. GF3-810-252761-01.

**ANSWER**

Objected to in that this Interrogatory seeks information that is not admissible or reasonably calculated to lead to the discovery of admissible evidence.

18.    Please identify the annual premium for the years 1998, each such year:
       1999 and 2000 and for each such year:

       (a)    Explain the premium was calculated;
       (b)    What was the number of employees covered under the Plan;
       (c)    Was the premium a fixed rate or was the policy experience rated;
       (d)    Did the employer terminate the policy as a result of the Defendant's
              refusal to pay the Howard claim?

**ANSWER:**

              (a) – (d)  Objected to in that this Interrogatory seeks information that is not
admissible or reasonably  calculated to lead to the discovery of admissible evidence.


19.    Please set forth the number of similar Plans Defendant had in effect for the years
       1998, 1999 and 2000, including the names of the respective employers.

**ANSWER:**

              Objected to in that this Interrogatory seeks information that is not admissible or
reasonably  calculated to lead to the discovery of admissible evidence.

20.    Detail the exact financial arrangements between Defendant and Penn State
       Geisinger Health System.

**ANSWER:**

              Premiums are paid on the basis of covered payroll for those employees eligible
for coverage under the disability benefit plan.  Premiums are remitted to Liberty Life on a
monthly basis and are determined by the number of eligible employees multiplied by the
premium rate.


21.    What was the loss ratio for the years 1998, 1999 and 2000 and what effect did this
       have on the annual premium?

**ANSWER**

              Objected to in that this Interrogatory seeks information that is not admissible or
reasonably  calculated to lead to the discovery of admissible evidence.

22.    Please set forth the net profits and the loss resulting from Defendant's contact with Penn State Geisinger Health System during the years 1998, 1999 and 2000.

**ANSWER**

Objected to in that this Interrogatory seeks information that is not admissible or reasonably calculated to lead to the discovery of admissible evidence.

23.    What reserve was established on Plaintiffs claim, on what date, and in what amount?

**ANSWER:**

Objected to in that this Interrogatory seeks information that is not admissible or reasonably calculated to lead to the discovery of admissible evidence.

24.    List the names, addresses and titles of Defendant's officers, directors, and employees who participated in anyway in soliciting, underwriting and supervising Defendant's contract with Penn State Geisinger Health System.

**ANSWER:**

The main underwriter on this file was Maureen Riley, Manager - Group Underwriting in Liberty Life's Dover, New Hampshire office.  The sales representatives were Jim Sullivan, now an Executive Group Disability Sales Consultant in Liberty Life's Weston, Massachusetts office and Mark Merritt, now an Executve Group disabiilty Sales Consultant in Liberty Life's Indianapolis, Indiana office.

25. For the years 1998, 1999 and 2000, give the number of disability claims made by Penn State Geisinger Health System employees against Defendant. Please state:

(a) What number of claims was accepted;
(b) What number of claims was rejected.

**ANSWER**

(a)-(b)   Objected to in that this Interrogatory seeks information that is not admissible or reasonably  calculated to lead to the discovery of admissible evidence.

KELLY, McLAUGHLIN & FOSTER

By: _____

William C. Foster, Esquire
Identification No. 03571
Steven L. Chung, Esquire
Identification No. 78834
Attorneys for Defendant
Liberty Life Assurance Company
of Boston

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG M. HOWARD
            Plaintiff

v.                   :      CASE NO: 1:CV-01-797

LIBERTY LIFE ASSURANCE   :      JUDGE KANE
COMPANY OF BOSTON,
LIBERTY MUTUAL GROUP,    :
               Defendant      JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of the

foregoing Answers to Plaintiffs Interrogatories Directed to Defendant - First Set was served this

17th day of December, 2001, via Facsimile and United States Mail, First Class, postage pre-paid,

upon the following individual:

        John C. Dowling, Esquire
        **Rhoads & Sinon LLP**
        One South Market Square, 12th Floor
        P. O. Box 1146
        Harrisburg, PA 17108-1146

                    **Kelly, McLaughlin & Foster, LLP**

                    By:_____
                        William C. Foster, Esquire

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG M. HOWARD                        :
                                       :
           Plaintiff                   :
                                       :
      v.                               : CASE NO: 1:CV-01-797
                                       :
LIBERTY LIFE ASSURANCE                 : JUDGE KANE
COMPANY OF BOSTON                      :
                                       :
           Defendant                   : JURY TRIAL DEMANDED
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. :

## CERTIFICATE OF SERVICE

I, John C. Dowling, Esquire, hereby certify that a true and correct

copy of the foregoing Unopposed Motion to Amend Scheduling Order was served

this _____ day of December, 2001, via United States Mail, First Class, postage

pre-paid, upon the following individual:

          William C. Foster, Esquire
          Kelly, McLaughlin & Foster
          1617 J.F.K. Boulevard, Suite 1690
          Philadelphia, PA 19103


              RHOADS & SINON LLP


          BY: _____
              John C. Dowling, Esquire