# RHOADS & SINON LLP

ROBERT H. LONG, JR.[1]
SHERILL T. MOYER
JAN P. JACKSON
RICHARD B. WOOD
LAWRENCE B. ABRAMS III[2]
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR.
DAVID B. DOWLING
DAVID F. O'LEARY
DAVID O. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD[2]
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL
SHAWN D. LOCHINGER

JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL[1]
DEBRA M. KRIETE
TODD J. SHILL
DAVID M. BARASCH
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER, JR.[4]
JOANNE BOOK CHRISTINE
AMY J. MENDELSOHN[2]
MICHAEL W. WINFIELD[1]
KATHRYN G. SOPHY[1]
STEPHANIE E. DIVITTORE
KIMBERLY L. SNELL-ZARCONE
KATHLEEN D. BRUDER[3]
CHRISTYLEE L. PECK
JOHN M. COLES

1 ALSO ADMITTED TO THE DISTRICT OF COLUMBIA BAR
2 ALSO ADMITTED TO THE FLORIDA BAR
3 ALSO ADMITTED TO THE MARYLAND BAR
4 ALSO ADMITTED TO THE NEW JERSEY BAR
5 ALSO ADMITTED TO THE NEW YORK BAR

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

January 23, 2002

OF COUNSEL
HENRY W. RHOADS
JOHN C. DOWLING

RETIRED
FRANK A. SINON

PAUL H. RHOADS
1907-1984
JOHN M. MUSSELMAN
1919-1980
CLYLE R. HENDERSHOT
1922-1980

DIRECT DIAL NO.

231-6647

FILE NO.

7583/01

Re:    Craig M. Howard v. Liberty Life Assurance Company of Boston
       USDC, Middle District, PA  Civil Action No. 1:CV-01-797

Honorable Yvette Kane
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA  17108

**HAND-DELIVERED**

FILED
HARRISBURG, PA

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Dear Judge Kane:

It appears that Mr. Foster and I are unable to agree on answers to Plaintiff's First Set of Interrogatories, and hence as directed, I am submitting this letter Brief.

Imagine if you will the ninth inning of the seventh game of the World Series. The score is tied, the bases loaded and striding to the mound is the Yankee ace Roger Clemens; A walk forces in the winning run. A strikeout sends the game into extra innings. The umpire is back at the plate but Roger Clemens, is wearing instead of a Yankee hat, an umpire's cap. He delivers the first pitch but he, not the umpire, calls out "Strike One". Two more such deliveries and the batter is retired. Absurd, of course, but analogous to the situation at hand. Here the Defendant makes the determination whether the Plaintiff is to receive or to be denied benefits. If the latter, the insurance company keeps the premium whereas in the former it loses the payment.

The pitcher should not be allowed to call his owns balls and strikes, nor should the insurance company be given a decision on the call of disability or not.

The Supreme Court in <u>Firestone Tire and Rubber Co. v. Bruch</u>[1], 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L.Ed.2nd 80 (1989) decided that where the administrator has discretionary authority to determine eligibility for benefits, as in the instance case, the Court must apply the abuse of discretion standard. As noted in <u>Pinto</u>[2], 214 F.3d 377, this has "bedeviled the Federal Courts since...". <u>Pinto</u>, as is well known, nullified the arbitrary and capricious standard to provide for a "sliding scale" approach. While this criteria is not very definite, it does clearly

---

[1] See Exhibit "A" for <u>Firestone Tire and Rubber Co. v. Bruch</u>.
[2] See Exhibit "B" for <u>Pinto v. Reliance Standard Life Insurance Company</u>

YORK:                          AFFILIATED OFFICE:                          LANCASTER:
TELEPHONE (717) 843-1718, FAX (717) 232-1459    STE. 203, 1700 S. DIXIE HWY, BOCA RATON, FL 33432    TELEPHONE (717) 397-4431, FAX (717) 232-1459
                               TELEPHONE (561) 395-5595, FAX (561) 395-9497

416336.1

### RHOADS & SINON LLP

Honorable Yvette Kane
January 23, 2002
Page 2


indicate the Court's dissatisfaction with the arbitrary and capricious standard and their awareness of its inherent unfairness.

Seeking to comprehend what the Third Circuit intended in enacting such a doctrine and in assisting its correlation with the scope of discovery, the following excerpts from Chief Judge Baker in his Opinion are it is submitted helpful:

Page 9, in discussing what constitutes a conflict discusses the structure between the ERISA plan administration, interpretation, and funding.

Page 14 mentions actuarially grounding of a pension plan.

Page 15 states the pertinence of the direct expense incurred by the insurance company and the consequences of its position.

Page 16 contains the following pertinent observation concerning the soundness of the insurance company's interpretation of its policy when it is calculated to maximize the benefits available to plan participants and beneficiaries at a cost that the plan sponsor can afford (or will pay). It states "The legitimacy of such an assertion should be ascertained by looking to, among other things, the consistency of the practice, the reasonableness of the "reading" (in that case, interpreting a term), and the internal consistency of the plan with the proffered reading." The opinion in adapting the sliding scale cases states that such an approach requires each case to be examined on its facts. "The court may take into account the sophistication of the parties, the information accessible t the parties, and the exact financial arrangement between the insurer and the company." In further enunciating the relevancy of discovery permitted by Pinto is Friess v. Reliance Standard Life Insurance[3], (cited in my letter brief to Your Honor of July 27, 2001), which states:

> The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the information accessible to the parties, the exact financial relationship between the insurer and the employer company, the current status of the fiduciary, and the stability of the employer company. Such evidence equips the district court to review the contested decision under an 'arbitrary and capricious' standard heightened according to the potency of the conflict. (emphasis added).

---

[3] See Exhibit "C" for Friess v. Reliance Standard Life Insurance

# RHOADS & SINON LLP

Honorable Yvette Kane
January 23, 2002
Page 3

The correspondence between counsel [4]has produced no resolvement, particularly regarding Interrogatories 7-23[5]. Only Defendant's assent to answer No. 5 and a largess answer to No. 2.

With this background, I respectfully submit that the interrogatories, numbers 17-23, are proper discovery inquiries.

Overall, the Courts in our jurisdiction seek information as to the impact of the insurance company's declining or accepting claims. Clearly from <u>Pinto</u> and the numerous decisions cited therein, the Courts are not comfortable with the insurance company being both the pitcher and the umpire in calling calls and strikes.

Specifically, I think the Plaintiff is entitled to the following information:

1.    The negotiations leading up to the contract between Liberty Life and Penn State Geisinger (<u>See</u> especially page 8 of <u>Pinto</u> which discusses "The fact that the benefit plan was contracted for and its terms subject to negotiations".

2.    The basis on which the premium was calculated, including the number of employees covered and how the premium was determined, <u>i.e.</u> fixed rate or experienced rated.

3.    The number of similar plans which Liberty Life has with various employers which would certainly shed light on overall underwriting concepts and expectations.

4.    The loss ratio for the years immediately preceding and the year of the instant claim, as well as the profit and losses resulting to the insurance company.

5.    The reserve established on Plaintiff's claim is certainly pertinent as to the overall effect of its denial or acceptance.

It is unfortunately obvious that a great many documents will be required and a number of Defendant's employees subject to deposition. As you noted in Your Honor's Order of October 2, 2001:

---

[4] See Exhibit "D". We note that Defense counsel advised the Court of its decision in its letter of January 14, 2002 and thus feel it proper to copy the Court with our letter to Mr. Foster of January 10, 2002.
[5] See Exhibit "E" for Plaintiff's Interrogatories and Defendant's Responses Thereto.

### RHOADS & SINON LLP

Honorable Yvette Kane
January 23, 2002
Page 4

> "...Plaintiff is entitled to depose Defendant's officers, directors, employees and others, and discover other evidence, relevant to the sophistication of the parties, the information accessible to the parties...the exact financial arrangement between the insurer and the company, [and]...the current status of the fiduciary".

It is respectfully submitted that the Court needs a wealth of documents and testimony to apply the sliding scale to this particular case.

Liberality is the cornerstone of discovery and was never more necessary than in the instant case.

An appropriate Order is herewith attached for the Court's convenience.

Respectfully Submitted,

RHOADS & SINON LLP

By: _____
    John C. Dowling

DBD/clz
Enclosure

cc:    William C. Foster, Esquire
       (w/enclosure) (Via Facsimile and U.S. First Class Mail)