IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD<br>　　Plaintiff, | :<br>:<br>: |
| v. | : CIVIL ACTION NO. 1:CV-01-797 |
| | : (Judge Kane) |
| LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>LIBERTY MUTUAL GROUP<br>　　Defendant. | :<br>:<br>:<br>: |

FILED
HARRISBURG

MAR - 6 2002

MARY E. D'ANDREA, CLERK
Per_____
　　　DEPUTY CLERK

## MEMORANDUM AND ORDER

Now before the Court is a dispute between the parties concerning the scope of discovery relevant to review of Defendant's decision to deny Plaintiff benefits under an ERISA-covered plan. This is not the parties' first discovery dispute. In July, 2001, the parties disputed the extent of discovery allowable into the relationship between insurer and administrator. This Court issued its ruling in a Memorandum and Order of October 2, 2001. In that Order, the Court ruled that Plaintiff is entitled to depose Defendant's officers, directors, employees, and others, and discover other evidence, relevant to "the sophistication of the parties, the information accessible to the parties, . . . the exact financial arrangement between the insurer and the company, [and] . . . the current status of the fiduciary." October 2, 2001 Order at 1 (quoting Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 395 (3d Cir. 2000)).

Following that Order, Plaintiff issued Interrogatories to Defendant, which now objects to some of them as being not reasonably calculated to lead to the discovery of admissible evidence. A telephone conference was held with the parties on January 3, 2002, and, with the Court's permission, the parties submitted letter briefs. Neither party captioned their brief as either a motion to compel or motion for protective order. However, the nature of the dispute and

positions of the parties have been made clear by the parties' letter briefs. This Order follows.

Defendant resists disclosure of the materials requested by Plaintiff on the grounds that they exceed the scope of discovery authorized in this case, and do not relate to "the sophistication of the parties, the information accessible to the parties, . . . the exact financial arrangement between the insurer and the company, [and] . . . the current status of the fiduciary." As noted in the cases cited by the parties, where a conflict of interest is alleged a relevant inquiry is whether an insured's profits are affected by a claims decisions. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3d Cir. 2000); Ayers v. Maple Press Co. and Affiliated Co., 168 F.Supp 2d 349 (M.D. Pa., 2001). Two of Plaintiff's inquiries relate to this relationship and they are proper. Plaintiff may inquire into the "bases on which the premium was calculated" and "[t]he reserve established on Plaintiff's claim." (Plaintiff's Letter Brief, p. 3, ¶2 and ¶5) Plaintiff's remaining inquiries exceed the scope of this Court's Order permitting discovery and Plaintiff has failed to demonstrate that the information sought is reasonably calculated to lead to disclosure of relevant information. Accordingly, Defendant may properly decline to respond to Plaintiff's request for information regarding "the negotiations leading up to the contract between Liberty Life and Penn State Geisinger," "[t]he number of similar plans," and "[t]he loss ratio for the years immediately preceeding and the year of the instant claim, as well as the profits and losses resulting." (Plaintiff's Letter Brief, p. 3, ¶1, ¶3 and ¶4).

**IT IS SO ORDERED.**

_____
Yvette Kane
United States District Judge

Dated: March 6, 2002

2