ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD | : |
| Plaintiff, | : |
| | : Case No. 1:CV-01-0797 |
| v. | : (Judge Yvette Kane) |
| | : |
| LIBERTY LIFE ASSURANCE | : |
| COMPANY OF BOSTON, | : |
| LIBERTY MUTUAL GROUP | : |
| | : |
| Defendant. | : |

FILED
HARRISBURG, PA
JUN 07 2002
MARY E. D'ANDREA, CL
Per _____ Deputy Clerk

## MOTION IN LIMINE OF DEFENDANT REGARDING
## THE SCOPE OF THE EVIDENCE THAT PLAINTIFF CAN PRESENT AT TRIAL

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), submits its Motion in Limine Regarding the Scope of Evidence that Plaintiff can Present at Trial and represents as follows:

1. This is an action for alleged breach of obligations under the Employee Retirement Income Security Income Act of 1974, 29 U.S.C. §1000, et. seq. ("ERISA"). Defendant Liberty Life denies that it is liable to Plaintiff.

2. The parties have engaged in certain discovery in connection with this case. Plaintiff has propounded two sets of Interrogatories to Defendant and Responses to those Interrogatories have been provided. Plaintiff has also requested copies of certain documents and these documents are being provided. Plaintiff has discussed taking the depositions of employees of the Defendant but no such depositions have been taken.

3. The Plan at issue in this matter is identified as the "Geisinger Health System Welfare Plan" (the "Plan") which provides, inter alia, as follows:

> Who Has The Authority For Interpretation Of This Plan?

>We shall possess the authority, in our sole discretion, to construe the terms of this plan and to determine benefit eligibility hereunder. Our decisions regarding construction of the terms of this plan and benefit eligibility shall be conclusive and binding. (Footnote- "We" refers to Liberty Life Assurance Company of Boston)

4. If a Plan issued pursuant to ERISA gives the administrator of the plan, or its fiduciary, the discretionary authority to determine eligibility for benefits or to construe the terms of the plan, the "arbitrary and capricious" standard of review of applies. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57 (1989).

5. The Plan at issue in the present case clearly and unquestionably gives Liberty Life the discretionary authority to determine eligibility for benefits and to construe the terms of the Plan.

6. At the trial of an ERISA case of this type, the Court reviews the decision made by the carrier to determine whether it was a proper decision. The Court does not conduct a "De Novo" review of the evidence before the decision-maker and it does not conduct a traditional bench trial.

7. The function of the Court in this type of case is to review the determination of the decision-maker under the "arbitrary and capricious" standard. Under that standard of review, "a plan administrator's interpretation of a plan may be disturbed "'only if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law." Abnathya v. Hoffman La-Roche, Inc., 2 F.3d 40, 45 (3rd Cir. 1995) (quoting Adamo v. Anchor Hocking Corp., 720 F.Supp. 491, 500 (W.D.Pa. 1989)). A decision is supported by "'substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision.'" Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136, 142 (3rd Cir. 2000). "'This scope of review is narrow, and 'the court is not free to substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits.'" Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3rd Cir. 1997). Rather, "the administrator's interpretation of the plan, 'will not be disturbed if

reasonable.'" Id. at 437 (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 114, 109 S.Ct. 948, 954 (1989).

8. Pursuant to the "sliding scale approach" adopted in Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3rd Cir. 2000), a Court may only consider evidence beyond the Administrative Record to determine whether a conflict of interest issue exists and to determine the degree of the arbitrary and capricious standard to be applied if such a conflict exists. Id. at 395.

9. In Freiss v. Reliance Standard Life Ins. Co., 2000 WL 1751079 (E.D.Pa. 2000), the Court stated:

> Pinto held that the district court, while forbidden from expanding the administrative record on the historic facts that informed the administrator's decision, may take evidence regarding the conflict of interest and ways in which the conflict may have influenced that decision. The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the information accessible to the parties, the exact financial relationship between the insurer and the employer company, the current status of the fiduciary, and the stability of the employer company. Such evidence equips the district court to review the contested decision under an "arbitrary and capricious" standard heightened according to the potency of the conflict.

Id.

10. No evidence has been determined through discovery that Liberty Life acted under a conflict of interest which influenced its decision-making process, such that a heightened standard of review pursuant to the sliding scale approach should be utilized.

11. The decision of Liberty Life should be reviewed with the greatest degree of deference.

12. There is no basis for the admission of any evidence relating to the claim decision other than the Administration Record which contains Liberty Life's claims file.

13. The only evidence which should be considered at the trial of this action, in addition to the Plan documents, is the Administrative record compiled in connection with this claim and any computer

notes which were prepared by or made available to the individuals who made the determination regarding this claim.

WHEREFORE, Defendant, Liberty Life Assurance Company of Boston, respectfully requests that this Honorable Court enter an Order limiting the scope of Plaintiff's evidence at trial to the administrative record which was before Liberty Life at the time of denial.

Respectfully submitted,

KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP

By: *William C. Foster by David R. [illegible]*

William C. Foster, Esq.
Attorneys for Defendant
Liberty Life Assurance Company of Boston