

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRAIG M. HOWARD** | : |
| **Plaintiff,** | : |
| v. | : Case No. 1:CV-01-0797 |
| | : (Judge Yvette Kane) |
| **LIBERTY LIFE ASSURANCE** | : |
| **COMPANY OF BOSTON,** | : |
| **LIBERTY MUTUAL GROUP** | : |
| **Defendant.** | : |

FILED
HARRISBURG, PA

JUN - 7 2002

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

### MEMORANDUM OF LAW OF DEFENDANT IN SUPPORT OF ITS MOTION IN LIMINE

Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), submits the following Memorandum of Law in support of its Motion in Limine Regarding the Scope of Evidence that Plaintiff can Present at Trial and respectfully represents as follows:

**I.      Background**

This is an action for alleged breach of obligations under the Employee Retirement Security Income Act of 1974, 29 U.S.C. §1000, et. seq. ("ERISA").  Defendant Liberty Life denies that it is liable to Plaintiff.

The Plan at issue in this matter is identified as the "Geisinger Health System Welfare Plan" (the "Plan") which provides, inter alia, as follows:

> Who Has The Authority For Interpretation Of This Plan?
>
> We shall possess the authority, in our sole discretion, to construe the terms of this plan and to determine benefit eligibility hereunder.  Our decisions regarding construction of the terms of this plan and benefit eligibility shall be conclusive and binding.

## II. Legal Argument

It is clear that the evidence that plaintiff presents at trial is limited to the evidence which was before the Plan Administrator or its fiduciary at the time of final denial. See Mitchell v. Eastman Kodak Co., 113 F.3d 433, 440 (3rd Cir. 1997) (citing Luby v. Teamsters Health, Welfare, and Pension Trust Funds, 944 F.2d 1176, 1184 n.8 (3rd Cir. 1991).[1]

The appropriate standard of review of a decision to deny benefits pursuant to ERISA is determined by referring to the language of the plan itself. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101 (1989). In Firestone Tire and Rubber Co. v. Bruch, supra, the Supreme Court held that,

> a denial of benefits challenged under section 1132 (a) (1) (B) [of ERISA] is to be reviewed under a de novo standard <u>unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.</u>

Id. at 115. (emphasis added). If the plan does grant such discretionary authority, the "arbitrary and capricious" standard of review applies. Id. at 111; see also, Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176, 1184 n.8 (3rd Cir. 1991) (stating "[t]he court in Woosley . . . reviewed the administrator's decision under the arbitrary and capricious standard because the plan accorded the plan administrator discretion to determine how to distribute benefits"); Vaugh v. Metropolitan Life Ins. Co., 87 F.Supp. 2d 421 (E.D. Pa. 2000); Cini v. The Paul Revere Life Ins. Co., 50 F.Supp.2d 419, 423 (E.D.Pa.

---

[1] The Sixth Circuit has stated that

> "When an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. §1002(21)(A)(iii).

Libbey-Owens-Ford Co. v. Blue Cross and Blue Shield Mut. of Ohio, 982 F.2d 1031, 1035 (6th Cir. 1993) (cited with approval by Reilly v. Keystone Health Plan East, Inc., 1998 WL 754740 *3 (E.D.Pa. 1998). This line of reasoning appears to have been adopted in Freiss v. Reliance Standard Life Ins. Co., 2000 WL 1751079 (E.D.Pa. 2000) and Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3rd Cir. 2000). In those cases, Reliance Standard Life Insurance Company ("Reliance Standard") issued and administered the policies in question and Reliance Standard was considered a fiduciary under 29 U.S.C. §1002(21)(A)(iii).

1999) (stating "[w]hen a plan grants an administrator discretionary authority, an administrator's factual finding and plan interpretation are reviewed under an arbitrary and capricious standard"); Mitchell, 113 F.3d at 438-39; McBride v. Continental Casualty Company, 1999 WL 301811 *3 (E.D. Pa. May 11, 1999) (No. Civ. A 97-4625) (same).

The Plan at issue in the present case clearly and unquestionably gives Liberty Life the discretionary authority to determine eligibility for benefits and to construe the terms of the Plan. At the trial of an ERISA case of this type, the Court reviews the decision made by the carrier to determine whether it was a proper decision. The Court does not conduct a "de novo" review of the evidence that was before the decision-maker and it does not conduct a traditional bench trial.

The function of the Court in this type of case is to review the decision of the decision-maker under the "arbitrary and capricious" standard. Under that standard of review, "a plan administrator's interpretation of a plan may be disturbed "'only if it is 'without reason, unsupported by substantial evidence or erroneous as a matter of law." Abnathya v. Hoffman La-Roche, Inc., 2 F.3d 40, 45 (3rd Cir. 1995) (quoting Adamo v. Anchor Hocking Corp., 720 F.Supp. 491, 500 (W.D.Pa. 1989)). A decision is supported by "'substantial evidence if there is sufficient evidence for a reasonable person to agree with the decision.'" Courson v. Bert Bell NFL Player Retirement Plan, 214 F.3d 136, 142 (3rd Cir. 2000). "This scope of review is narrow, and 'the court is not free to substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits.'" Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3rd Cir. 1997). Rather, "the administrator's interpretation of the plan, 'will not be disturbed if reasonable.'" Id. at 437 (quoting Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 114, 109 S.Ct. 948, 954 (1989).

Pursuant to the "sliding scale approach" adopted in <u>Pinto v. Reliance Standard Life Ins. Co.</u>, 214 F.3d 377 (3rd Cir. 2000), a Court may only consider evidence beyond the Administrative Record to determine whether a conflict of interest issue exists and to determine the degree of the arbitrary and capricious standard to be applied if such a conflict exists. <u>Id.</u> at 395.

In <u>Freiss v. Reliance Standard Life Ins. Co.</u>, 2000 WL 1751079 (E.D.Pa. 2000), the Court stated:

> Pinto held that the district court, while forbidden from expanding the administrative record on the historic facts that informed the administrator's decision, may take evidence regarding the conflict of interest and ways in which the conflict may have introduced that decision. The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the information accessible to the parties, the exact financial relationship between the insurer and the employer company, the current status of the fiduciary, and the stability of the employer company. Such evidence equips the district court to review the contested decision under an "arbitrary and capricious" standard heightened according to the potency of the conflict.

<u>Id.</u>

In the present case, there is no evidence, pursuant to <u>Pinto</u>, that Liberty Life acted in a manner which warrants a heightened standard of review pursuant to the sliding scale approach and the decisions of Liberty Life should be reviewed with the greatest degree of deference. Liberty Life submits that the evidence reflects that it handled this matter in a fair and reasonable manner.

## III. Conclusion

Based upon the foregoing, Defendant, Liberty Life Assurance Company of Boston, respectfully requests that this Honorable Court enter an Order limiting the scope of Plaintiff's evidence at trial to the administrative record which was before the decision-maker, Liberty Life, at the time when it considered this claim.

Respectfully submitted,

KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP

By: *William C. Foster*
    *by David R. Hey*

William C. Foster, Esq.
Attorneys for Defendant
Liberty Life Assurance Company of Boston

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD | : |
| Plaintiff, | : |
| v. | : Case No. 1:CV-01-0797 |
| | : (Judge Yvette Kane) |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, LIBERTY MUTUAL GROUP | : |
| Defendant. | : |

## CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of Defendant's Motion in Limine Regarding the Scope of Evidence that Plaintiff can Present at Trial and supporting Memorandum of Law was served this 6th day of June, 2002 via United States Mail, First Class, postage pre-paid, upon the following individual:

John C. Dowling, Esquire
Rhoads & Sinon, LLP
1 South Market Square, 12th Floor
P.O. Box 1146
Harrisburg, PA  17108-1146

KELLY, MCLAUGHLIN, FOSTER, BRACAGLIA, DALY, TRABUCCO & WHITE, LLP

By: *William C. Foster*
    *by David R. [illegible]*
William C. Foster, Esquire
Attorney for Defendant,
Liberty Life Assurance Company of Boston.

Dated: June 7, 2002