ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

JUN 1 4 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

| | | |
|---|---|---|
| CRAIG M. HOWARD | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO: 1:CV-01-797 |
| | : | |
| LIBERTY LIFE ASSURANCE | : | JUDGE YVETTE KANE |
| COMPANY OF BOSTON, | : | |
| LIBERTY MUTUAL GROUP, | : | |
| Defendant | : | JURY TRIAL DEMANDED |

### PLAINTIFF'S REPLY TO DEFENDANT'S MOTIONS IN LIMINE

Plaintiff, Craig M. Howard, by his attorneys, Rhoads & Sinon LLP, files this Reply to Defendant Liberty Life Assurance Company of Boston's ("Liberty Life") Motion in Limine.

1. Admitted.

433612.1

2. Denied as stated. It is submitted that there has been an ongoing discovery dispute since the inception of the litigation. Defendant took the position in its Case Management Plan that no discovery was needed. While the Court in a Memorandum Order of October 2, 2001 ruled that the Plaintiff was entitled to discover evidence "relevant to the sophistication of the parties, the information accessible to the parties,…the exact financial arrangement between the insured and the company, [and]…the current status of the fiduciary". Defendant has by its belated objections and unresponsive answers impliedly maintained its position that discovery is not necessary.

Plaintiff sent his first set of interrogatories to Defendant on October 19, 2001. It was not until December 3, 2001, weeks after the 30 day limit, that Defendant responded in part. Defendant did not answer most of the interrogatories but referred Plaintiff to unspecified documents previously provided. The others were outright objected to.

The dispute was referred to the Court which requested letter briefs. Copies of Plaintiff's letter briefs of January 23, 2002 and January 25, 2002 are attached as Exhibits "A" and "B". The Court in a Memorandum Order of March 6, 2002 (copy attached as Exhibit "C") reaffirmed its previous Order of October 2, 2001 and further delineated certain interrogatories which were to be answered and others that were properly objected to.

Plaintiff submitted a second set of Interrogatories on March 27, 2002, which were not answered until May 3, 2002.

A further illustrative of Defendant's delaying tactics. It agreed on December 17, 2001 to supply a copy of its claims procedure manual if Plaintiff would agree to treat it as confidential. Plaintiff promptly agreed to do so but Defendant later modified its acquiescence by stating that it would provide the "relevant portions" of the manual. A confidentiality agreement was finally sent to Plaintiff's counsel in late May of 2002, signed and promptly returned. Defendant had subsequently retracted its agreement to provide the claim manual. Defendant has now agreed only to provide the "relevant portion" of the manual. Defendant finally agreed to submit an index of the manual to Plaintiff's counsel so that we could indicate the portions we thought were relevant. This has been done under date of June 4, 2002 but to date no manual has been received.

Regarding requested depositions, Plaintiff, under date of February 13, 2002, requested depositions of four (4) of the Defendant's employees, noticing the deposition for February 22, 2002. They were as follows:

1. Maureen Riley identified in answer to interrogatory 24 as the Manager – Group Underwriting on the file;

2. Chuck Johnson, who authored the letter of July 25, 2000 and February 28, 2001, as noted as the "Appeal Review Consultant";

3. Felicia Boyd, disclosed by Defendant in the Case Management Plan as the "Disability Case Manager";

    4.    Edward P. Crouch, M.D., disclosed by Defendant in the Case Management Plan as the "Medical Director, Disability Products".

It was not until February 20, that Defendant responded by notifying Plaintiff's counsel that the requested deponents would not be produced, writing further that the persons would not submit to a deposition within the jurisdiction of the Middle District but would have to be deposed at the business address, which address Defendant has yet to provide to Plaintiff despite the numerous requests to do so.

    3.    Admitted.

    4.    Denied as stated.  The <u>Firestone</u> decision has been modified by subsequent cases, particularly <u>Pinto</u> and <u>Friess</u>, as more fully set forth in Plaintiff's letter brief of July 27, 2001, (copy of which is attached as Exhibit "D").

    5.    Denied.

    6.    Plaintiff does not understand what Defendant references as a "traditional bench trial".

    7.    This is a legal argument, which is best answered by Plaintiff's prior letter briefs, copies of which have been attached.

    8.    Admitted.

9.  The language of the decision speaks for itself.

10. Admitted in part. It is admitted that Defendant funds and administers the plan.

11. Denied as stated. Defendant's decision should be reviewed consistent with the various cases discussed in Plaintiff's letter briefs.

12. Denied.

13. Denied.

WHEREFORE, Plaintiff requests that any Order that is entered concerning Defendant's Motion in Limine be casted as set forth above in Plaintiff's Reply.

Respectfully Submitted,

RHOADS & SINON LLP

By: _____
John C. Dowling
Attorney I.D. 07058
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
(717) 233-5731

Attorneys for Plaintiff

Date: June 13, 2002

## RHOADS & SINON LLP

ROBERT H. LONG, JR.²
SHERILL T. MOYER
JAN P. PADEN
RICHARD B. WOOD
LAWRENCE B. ABRAMS III²
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR.
DAVID B. DOWLING
DAVID F. O'LEARY
DAVID O. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD²
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL
SHAWN D. LOCHINGER
JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL¹
DEBRA M. KRIETE
TODD J. SHILL
DAVID M. BARASCH
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER, JR.⁴
JOANNE BOOK CHRISTINE
AMY J. MENDELSOHN²
MICHAEL W. WINFIELD³
KATHRYN G. SOPHY¹
STEPHANIE E. DIVITTORE
KIMBERLY L. SNELL-ZARCONE
KATHLEEN D. BRUDER⁴,⁵
CHRISTYLEE L. PECK
JOHN M. COLES

1 ALSO ADMITTED TO THE DISTRICT OF COLUMBIA BAR
2 ALSO ADMITTED TO THE FLORIDA BAR
3 ALSO ADMITTED TO THE MARYLAND BAR
4 ALSO ADMITTED TO THE NEW JERSEY BAR
5 ALSO ADMITTED TO THE NEW YORK BAR

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

OF COUNSEL
HENRY W. RHOADS
JOHN C. DOWLING

RETIRED
FRANK A. SINON
PAUL H. RHOADS
1907-1984
JOHN M. MUSSELMAN
1919-1980
CLYLE R. HENDERSHOT
1922-1980

DIRECT DIAL NO.
231-6647

FILE NO.
7583/01

FILED
HARRISBURG, PA
JAN 2 3 2002
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

January 23, 2002

Re:   Craig M. Howard v. Liberty Life Assurance Company of Boston
      USDC, Middle District, PA  Civil Action No. 1:CV-01-797

Honorable Yvette Kane          **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA 17108

Dear Judge Kane:

It appears that Mr. Foster and I are unable to agree on answers to Plaintiff's First Set of Interrogatories, and hence as directed, I am submitting this letter Brief.

Imagine if you will the ninth inning of the seventh game of the World Series. The score is tied, the bases loaded and striding to the mound is the Yankee ace Roger Clemens; A walk forces in the winning run. A strikeout sends the game into extra innings. The umpire is back at the plate but Roger Clemens, is wearing instead of a Yankee hat, an umpire's cap. He delivers the first pitch but he, not the umpire, calls out "Strike One". Two more such deliveries and the batter is retired. Absurd, of course, but analogous to the situation at hand. Here the Defendant makes the determination whether the Plaintiff is to receive or to be denied benefits. If the latter, the insurance company keeps the premium whereas in the former it loses the payment.

The pitcher should not be allowed to call his owns balls and strikes, nor should the insurance company be given a decision on the call of disability or not.

The Supreme Court in Firestone Tire and Rubber Co. v. Bruch[1], 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L.Ed.2nd 80 (1989) decided that where the administrator has discretionary authority to determine eligibility for benefits, as in the instance case, the Court must apply the abuse of discretion standard. As noted in Pinto[2], 214 F.3d 377, this has "bedeviled the Federal Courts since…". Pinto, as is well known, nullified the arbitrary and capricious standard to provide for a "sliding scale" approach. While this criteria is not very definite, it does clearly

---

[1] See Exhibit "A" for Firestone Tire and Rubber Co. v. Bruch.
[2] See Exhibit "B" for Pinto v. Reliance Standard Life Insurance Company

416336.1

YORK:
TELEPHONE (717) 843-1718, FAX (717) 232-1459
AFFILIATED OFFICE:
STE. 203, 1700 S. DIXIE HWY, BOCA RATON, FL 33432
TELEPHONE (561) 395-5595, FAX (561) 395-9497
LANCASTER:
TELEPHONE (717) 397-4431, FAX (717) 232-1459

**RHOADS & SINON LLP**

Honorable Yvette Kane
January 23, 2002
Page 2

indicate the Court's dissatisfaction with the arbitrary and capricious standard and their awareness of its inherent unfairness.

Seeking to comprehend what the Third Circuit intended in enacting such a doctrine and in assisting its correlation with the scope of discovery, the following excerpts from Chief Judge Baker in his Opinion are it is submitted helpful:

Page 9, in discussing what constitutes a conflict discusses the structure between the ERISA plan administration, interpretation, and funding.

Page 14 mentions actuarially grounding of a pension plan.

Page 15 states the pertinence of the direct expense incurred by the insurance company and the consequences of its position.

Page 16 contains the following pertinent observation concerning the soundness of the insurance company's interpretation of its policy when it is calculated to maximize the benefits available to plan participants and beneficiaries at a cost that the plan sponsor can afford (or will pay). It states "The legitimacy of such an assertion should be ascertained by looking to, among other things, the consistency of the practice, the reasonableness of the "reading" (in that case, interpreting a term), and the internal consistency of the plan with the proffered reading." The opinion in adapting the sliding scale cases states that such an approach requires each case to be examined on its facts. "The court may take into account the sophistication of the parties, the information accessible t the parties, and the exact financial arrangement between the insurer and the company." In further enunciating the relevancy of discovery permitted by Pinto is <u>Friess v. Reliance Standard Life Insurance</u>[3], (cited in my letter brief to Your Honor of July 27, 2001), which states:

> The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the <u>information accessible to the parties</u>, the <u>exact financial relationship between the insurer and the employer company</u>, the <u>current status of the fiduciary, and the stability of the employer company</u>. Such evidence equips the district court to review the contested decision under an 'arbitrary and capricious' standard heightened according to the potency of the conflict. (emphasis added).

---

[3] See Exhibit "C" for <u>Friess v. Reliance Standard Life Insurance</u>

**RHOADS & SINON LLP**

Honorable Yvette Kane
January 23, 2002
Page 3

The correspondence between counsel [4]has produced no resolution, particularly regarding Interrogatories 7-23[5]. Only Defendant's assent to answer No. 5 and a largess answer to No. 2.

With this background, I respectfully submit that the interrogatories, numbers 17-23, are proper discovery inquiries.

Overall, the Courts in our jurisdiction seek information as to the impact of the insurance company's declining or accepting claims. Clearly from <u>Pinto</u> and the numerous decisions cited therein, the Courts are not comfortable with the insurance company being both the pitcher and the umpire in calling calls and strikes.

Specifically, I think the Plaintiff is entitled to the following information:

1. The negotiations leading up to the contract between Liberty Life and Penn State Geisinger (<u>See</u> especially page 8 of <u>Pinto</u> which discusses "The fact that the benefit plan was contracted for and its terms subject to negotiations".

2. The basis on which the premium was calculated, including the number of employees covered and how the premium was determined, <u>i.e.</u> fixed rate or experienced rated.

3. The number of similar plans which Liberty Life has with various employers which would certainly shed light on overall underwriting concepts and expectations.

4. The loss ratio for the years immediately preceding and the year of the instant claim, as well as the profit and losses resulting to the insurance company.

5. The reserve established on Plaintiff's claim is certainly pertinent as to the overall effect of its denial or acceptance.

It is unfortunately obvious that a great many documents will be required and a number of Defendant's employees subject to deposition. As you noted in Your Honor's Order of October 2, 2001:

---

[4] See Exhibit "D". We note that Defense counsel advised the Court of its decision in its letter of January 14, 2002 and thus feel it proper to copy the Court with our letter to Mr. Foster of January 10, 2002.
[5] See Exhibit "E" for Plaintiff's Interrogatories and Defendant's Responses Thereto.

**RHOADS & SINON LLP**

Honorable Yvette Kane
January 23, 2002
Page 4

"...Plaintiff is entitled to depose Defendant's officers, directors, employees and others, and discover other evidence, relevant to the sophistication of the parties, the information accessible to the parties...the exact financial arrangement between the insurer and the company, [and]...the current status of the fiduciary".

It is respectfully submitted that the Court needs a wealth of documents and testimony to apply the sliding scale to this particular case.

Liberality is the cornerstone of discovery and was never more necessary than in the instant case.

An appropriate Order is herewith attached for the Court's convenience.

Respectfully Submitted,

RHOADS & SINON LLP

By: *[signature]*
John C. Dowling

DBD/clz
Enclosure

cc: William C. Foster, Esquire
(w/enclosure) (Via Facsimile and U.S. First Class Mail)

# RHOADS & SINON LLP

ROBERT H. LONG, JR.[2]
SHERILL T. MOYER
JAN P. PADEN
RICHARD B. WOOD
LAWRENCE B. ABRAMS III[2]
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR.
DAVID B. DOWLING
DAVID F. O'LEARY
DAVID O. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD[2]
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL
SHAWN D. LOCHINGER

JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL[1]
DEBRA M. KRIETE
TODD J. SHILL
DAVID M. BARASCH
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER, JR.[4]
JOANNE BOOK CHRISTINE
AMY J. MENDELSOHN[2]
MICHAEL W. WINFIELD[3]
KATHRYN G. SOPHY[1]
STEPHANIE E. DIVITTORE
KIMBERLY L. SNELL-ZARCONE
KATHLEEN D. BRUDER[4,5]
CHRISTYLEE L. PECK
JOHN M. COLES

1 ALSO ADMITTED TO THE DISTRICT OF COLUMBIA BAR
2 ALSO ADMITTED TO THE FLORIDA BAR
3 ALSO ADMITTED TO THE MARYLAND BAR
4 ALSO ADMITTED TO THE NEW JERSEY BAR
5 ALSO ADMITTED TO THE NEW YORK BAR

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

OF COUNSEL
HENRY W. RHOADS
JOHN C. DOWLING

RETIRED
FRANK A. SINON

PAUL H. RHOADS
1907-1984
JOHN M. MUSSELMAN
1919-1980
CLYLE R. HENDERSH
1922-1980

DIRECT DIAL NO.
231-6647

FILE NO.
7583/01

January 25, 2002

Re: Craig M. Howard v. Liberty Life Assurance Company of Boston
USDC, Middle District, PA  Civil Action No. 1:CV-01-797

Honorable Yvette Kane                                **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA 17108

Dear Judge Kane:

I would like to supplement my Letter Brief of January 23, 2002 to call Your Honor's attention to your recent decision in Ayers v. The Maple Press Company and Affiliated Companies, Civil Action No. 1:00-CV-480, filed October 16, 2001.

I think the decision is significant because in it you note:

> "Unfortunately, the parties in this case have provided the Court with little evidence concerning the degree of the conflict or how it affected the decision to deny benefits in Plaintiff's case...Without such evidence, this Court is unwilling to slide far along Pinto's sliding scale of heightened arbitrary and capricious review." (P. 5-6)

Respectfully Submitted,

RHOADS & SINON LLP

By: _____
John C. Dowling

DBD/clz

cc: William C. Foster, Esquire
(Via Facsimile and U.S. First Class Mail)

416801.1

YORK:
TELEPHONE (717) 843-1718, FAX (717) 232-1459

AFFILIATED OFFICE:
STE. 203, 1700 S. DIXIE HWY, BOCA RATON, FL 33432
TELEPHONE (561) 395-5595, FAX (561) 395-9497

LANCASTER:
TELEPHONE (717) 397-4431, FAX (717) 232-1459

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CRAIG M. HOWARD**
**Plaintiff,**

v.            CIVIL ACTION NO. 1:CV-01-797
           (Judge Kane)

**LIBERTY LIFE ASSURANCE**
**COMPANY OF BOSTON,**
**LIBERTY MUTUAL GROUP**
**Defendant.**

FILED
HARRISBURG

MAR - 6 2002

MARY E. D'ANDREA, CLERK
Per_____ DEPUTY CLERK

## MEMORANDUM AND ORDER

Now before the Court is a dispute between the parties concerning the scope of discovery relevant to review of Defendant's decision to deny Plaintiff benefits under an ERISA-covered plan. This is not the parties' first discovery dispute. In July, 2001, the parties disputed the extent of discovery allowable into the relationship between insurer and administrator. This Court issued its ruling in a Memorandum and Order of October 2, 2001. In that Order, the Court ruled that Plaintiff is entitled to depose Defendant's officers, directors, employees, and others, and discover other evidence, relevant to "the sophistication of the parties, the information accessible to the parties, . . . the exact financial arrangement between the insurer and the company, [and] . . . the current status of the fiduciary." October 2, 2001 Order at 1 (quoting Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 395 (3d Cir. 2000)).

Following that Order, Plaintiff issued Interrogatories to Defendant, which now objects to some of them as being not reasonably calculated to lead to the discovery of admissible evidence. A telephone conference was held with the parties on January 3, 2002, and, with the Court's permission, the parties submitted letter briefs. Neither party captioned their brief as either a motion to compel or motion for protective order. However, the nature of the dispute and

positions of the parties have been made clear by the parties' letter briefs. This Order follows.

Defendant resists disclosure of the materials requested by Plaintiff on the grounds that they exceed the scope of discovery authorized in this case, and do not relate to "the sophistication of the parties, the information accessible to the parties, . . . the exact financial arrangement between the insurer and the company, [and] . . . the current status of the fiduciary." As noted in the cases cited by the parties, where a conflict of interest is alleged a relevant inquiry is whether an insured's profits are affected by a claims decisions. Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377 (3d Cir. 2000); Ayers v. Maple Press Co. and Affiliated Co., 168 F.Supp 2d 349 (M.D. Pa., 2001). Two of Plaintiff's inquiries relate to this relationship and they are proper. Plaintiff may inquire into the "bases on which the premium was calculated" and "[t]he reserve established on Plaintiff's claim." (Plaintiff's Letter Brief, p. 3, ¶2 and ¶5) Plaintiff's remaining inquiries exceed the scope of this Court's Order permitting discovery and Plaintiff has failed to demonstrate that the information sought is reasonably calculated to lead to disclosure of relevant information. Accordingly, Defendant may properly decline to respond to Plaintiff's request for information regarding "the negotiations leading up to the contract between Liberty Life and Penn State Geisinger," "[t]he number of similar plans," and "[t]he loss ratio for the years immediately preceeding and the year of the instant claim, as well as the profits and losses resulting." (Plaintiff's Letter Brief, p. 3, ¶1, ¶3 and ¶4).

**IT IS SO ORDERED.**

_____
Yvette Kane
United States District Judge

Dated: March 6, 2002

2

Honorable Yvette Kane
July 27, 2001
Page 2

> status of the fiduciary, and the stability of the employer company. Such evidence equips the district court to review the contested decision under an 'arbitrary and capricious' standard heightened according to the potency of the conflict.
>
> ------------------------------
>
> While Reliance has discretion, if its judgment is compromised by conflicts of interest, the highly deferential standard of arbitrary and capricious review must be adapted. Conflicts must be factored into the deference shown to the administrator" determination."

Judge Brody concluded by stating:

> "In determining the influence of the potential conflict on the decision to deny Friess LTD benefits, I must consider the process by which Reliance reached that decision.
>
> ------------------------------
>
> "I defer my conclusion to allow the parties to gather evidence on the conflict of interest and the ways in which the conflict ought to shape the heightened arbitrary and capricious standard of review described in <u>Pinto v. Reliance Standard Life Insurance Co</u>..."

Defendant rather ingeniously argues that the purpose of ERISA which is to provide for expeditious and inexpensive resolution of disputes will be hindered by discovery; while it is Defendant's capricious and arbitrary refusal to acknowledge Plaintiff's just claim that has triggered the discovery necessary to place before the Court those factors mandated by <u>Pinto</u>.

Defendant further opines that the cost of this essential discovery may exceed the value of Plaintiff's claim. This is highly speculative considering Plaintiff's age (44) with a long-term disability maximum benefit period extending to age 65.

Honorable Yvette Kane
July 27, 2001
Page 3

   Defendant's critique of decisions cited by Plaintiff is unfounded, misstated, and incorrect as a reading of the Opinions will disclose.

Respectfully Submitted,

RHOADS & SINON LLP

By: *[signature]*
John C. Dowling

DBD/clz

cc: William C. Foster, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG M. HOWARD<br>    Plaintiff | : <br> : <br> : |
| v. | : CASE NO: 1:CV-01-797 <br> : |
| LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br>LIBERTY MUTUAL GROUP,<br>    Defendant | : JUDGE YVETTE KANE <br> : <br> : <br> : JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2002, a true and correct copy of the foregoing was served by means of U.S. Mail, first class, postage prepaid, upon the following:

>William C. Foster, Esquire
>Kelly, McLaughlin & Foster, LLP
>1617 J.F.K. Boulevard, Suite 1690
>Philadelphia, PA 19103

*[signature]*