FILED
HARRISBURG, PA

JUN 1 9 2002

MARY E. D'ANDREA, CLERK
Per _____

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG M. HOWARD          :
        Plaintiff         :
                       :
       v.             : CASE NO: 1:CV-01-797
                       :
LIBERTY LIFE ASSURANCE   : JUDGE YVETTE KANE
COMPANY OF BOSTON,       :
LIBERTY MUTUAL GROUP,    :
        Defendant    : JURY TRIAL DEMANDED
.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..:

## PRETRIAL MEMORANDUM OF
## PLAINTIFF CRAIG M. HOWARD

Counsel for the parties conferred on June 17, 2002.

A.    Statement as to Federal Court Jurisdiction.

Plaintiff concedes that the provisions of the Employer Retirement Income Security Act 29 U.S.C. §1001 et seq. (ERISA) preempts state law claims and confers Federal Jurisdiction.

B.    Statement of Facts and Contentions as to Liability.

The basis issue in the case is whether Plaintiff meets the criteria of long

term disability as defined in Defendant's policy, which defines disability as

"Disability" or "Disabled" means:

i.    if you are eligible for the 24 Month Own Occupation
Benefit, "Disability" or "Disabled" means during the
Elimination Period and the next 24 months of Disability
you are unable to perform all of the material and
substantial duties of your occupation on an Active
Employment basis because of an Injury or Sickness; and

ii.    After 24 months of benefits have been paid, you are
unable to perform, with reasonable continuity, all of the
material and substantial duties of your own or any other
occupation for which you are or become reasonably fitted
by training, education, experience, age and physical and
metal capacity.

Plaintiff contends that he is unable to perform the duties of his prior position

or any other like position.  He is supported by his treating physicians who all attest

to his complete disability from returning to any type of work activity.

434240.1

Defendant conducted no medical examination of Plaintiff but medically relies chiefly on a Functional Capacity Test performed by a physical therapist. This test indicated that Plaintiff could perform sedentary work with frequent positional changes. His employer has notified Defendant that it would not be possible for a clerk, such as Mr. Howard, to remove themselves from the workspace for five or ten minutes hourly and that Mr. Howard was unable to serve in his previous position.

Plaintiff contends in summary that Defendant, by ignoring the testimony of his treatment physicians and his employer and relying on a Functional Capacity Test by a physical therapist, arbitrarily and capriciously denied the Plaintiff benefits too under the policy.

C.  Comprehensive Statement of Undisputed Facts.

Defendant in its answer to Plaintiff's Complaint has admitted the Plaintiff's identity, that it issued to Geisinger Health Systems a group benefit plan under which Plaintiff is claiming benefits, and the plan has been correctly identified in the Complaint. It also admits that Plaintiff made a timely claim for benefits, that he last worked June 2, 2000, he made a claim for disability benefits and that the

claim was denied because he did not meet the definition of "disability" as set forth in the "policy".

D.    Brief Description of Damages.

While Plaintiff's earnings at Hershey Medical Center will not be disputed, Defendant raised for the first time at the Attorney Conference that it was claiming an offset for Social Security disability payment. This, of course, materially reduces Plaintiff's claim. While such a provision does appear in the policy, it was never raised in the Defendant's pleadings, nor asserted by the Defendant until the Attorney Conference on June 17, 2002. Thus, it is Plaintiff's position that the setoff if admissible has been waived. It is believed this matter will be resolved by the time of the Pretrial Conference. It is believed at that time the parties can stipulate to the Plaintiff's damages.

E.    Witnesses.

1.    Plaintiff, Craig M. Howard
       25 S. Lingle Avenue
       Palmyra, PA

2.    Mary K. Bednar,
Chief Financial Officer
The M.S. Hershey Medical Center
Finance Administration
500 University Drive
Room H1246/Mail Code H142
P.O. Box 850
Hershey, PA 17033-0850

Plaintiff reserves the right to call any witness listed by Defendant.

F.    <u>Summary of Expert Testimony.</u>

Plaintiff presently does not intend to present expert testimony

G.    <u>Special Comment About Pleadings.</u>

1.    Pleadings

In connection with Defendant's claim for Social Security setoff and Plaintiff's allegation that the setoff has been waived, the Court's attention is directed to ¶ 10 of Defendant's Answer, which denies Plaintiff's claim for two/thirds of his monthly wage of $1,045.60 by stating, "Claim is denied that Plaintiff is entitled to disability benefits under the policy because he does not meet the definition of disability as set forth in the 'policy'".

- 4 -

Plaintiff was not aware of the Social Security setoff defense until the meeting of counsel on June 17, 2002.  Plaintiff takes the position that such a defense has been waived.

2.    Discovery

Plaintiff repeats herein comments made in his response to Defendant's Motion in Limine:

It is submitted that there has been an ongoing discovery dispute since the inception of the litigation.  Defendant took the position in its Case Management Plan that no discovery was needed.    While the Court in a Memorandum Order of October 2, 2001 ruled that the Plaintiff was entitled to discover evidence "relevant to the sophistication of the parties, the information accessible to the parties,...the exact financial arrangement between the insured and the company, [and]...the current status of the fiduciary".  Defendant has by its belated objections and unresponsive answers impliedly maintained its position that discovery is not necessary.

Plaintiff sent his first set of interrogatories to Defendant on October 19, 2001.  It was not until December 3, 2001, weeks after the 30 day limit,

that Defendant responded in part. Defendant did not answer most of the interrogatories but referred Plaintiff to unspecified documents previously provided. The others were outright objected to.

The dispute was referred to the Court which requested letter briefs. The Court in a Memorandum Order of March 6, 2002 reaffirmed its previous Order of October 2, 2001 and further delineated certain interrogatories which were to be answered and others that were properly objected to.

Plaintiff submitted a second set of Interrogatories on March 27, 2002, which were not answered until May 3, 2002.

Regarding requested depositions, Plaintiff, under date of February 13, 2002, requested depositions of four (4) of the Defendant's employees, noticing the deposition for February 22, 2002. They were as follows:

1. Maureen Riley identified in answer to interrogatory 24 as the Manager – Group Underwriting on the file;

2. Chuck Johnson, who authored the letter of July 25, 2000 and February 28, 2001, as noted as the "Appeal Review Consultant";

3. Felicia Boyd, disclosed by Defendant in the Case Management Plan as the "Disability Case Manager";

4. Edward P. Crouch, M.D., disclosed by Defendant in the Case Management Plan as the "Medical Director, Disability Products".

It was not until February 20, that Defendant responded by notifying Plaintiff's counsel that the requested deponents would not be produced, writing further that the persons would not submit to a deposition within the jurisdiction of the Middle District but would have to be deposed at the business address, which address Defendant has yet to provide to Plaintiff despite the numerous requests to do so.

3.    Depositions

No depositions have been taken.

4.    Exchange of Medical Reports

Defendant's claim file contains copies of all of Plaintiff's medical reports.

H.    Summary of Legal Issues Involved.

The chief legal issue is the standard of review.  Defendant relies primarily upon Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 109 S. Ct.948, 103 L. Ed.2d 80 (1989), which held that were the administrator has

discretionary authority to determine eligibility for benefits, as it is conceded it does in the instant case, the Court must apply the abuse of discretion standard.

However, as noted in <u>Pinto v. Reliance Standard Life Insurance Co.</u>, 214 F.3d 377, this has "bedeviled the Federal Courts since...".   <u>Pinto</u> and subsequent decisions have nullified the arbitrary and capricious standard to provide for a sliding scale approach.

Plaintiff's legal position has been set forth in its letter briefs of January 23, 2002 and July 27, 2001, copies of which are attached hereto as Exhibit "A".

Plaintiff may have an additional legal issue as to whether the Social Security setoff has been waived.  A legal memo on this issue will be presented at the Pretrial Conference.

I.      <u>Stipulation's Desired.</u>

It is reasonably anticipated that by the time of the Pretrial Conference, the parties will be ready to stipulate as to the Plaintiff's salary and the benefits to which he would be entitled.

J.      <u>Estimated Number of Trial Days.</u>

Two.

K.    Other Matters.

None at this time.

L.    Exhibits.

It is believed that Defendant will present its entire claim file.  Plaintiff will have one exhibit: the portion of the claimant's claim procedure file which were given to it in discovery.

M.    Special Verdict Questions.

None at this time.

N.    Rule 408.2 Certification.

Not applicable.

O.    Deposition Review.

No depositions or videotapes.

P.    In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Locual Rule 48.2

1.    That Plaintiff is disabled within the meaning of the policy.

2.    Plaintiff is entitled to _____ amount until he reaches the age of 65.

Legal Issues.

Defendant's decision is arbitrary and discretionary and Plaintiff has established his entitlement to benefits by a fair preponderance of law.

RHOADS & SINON

By: _____

John C. Dowling
One South Market Square
Twelfth Floor
P.O. Box 1146
Harrisburg, PA  17108-1146
(717) 233-5731

Attorneys for Plaintiff

Dated: _June 19, 2001_____

- 10 -

# EXHIBIT "A"

# RHOADS & SINON LLP

ROBERT H. LONG, JR.
SHERILL T. MOYER
JAN F. PADEN
RICHARD B. WOOD
LAWRENCE B. ABRAMS
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR
DAVID B. DOWLING
DAVID R. O'LEARY
DAVID D. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL
SHAWN D. LOCHINGER

JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL
DEBRA M. KRIETE
TODD J. SHILL
DAVID M. BARASCH
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER JR.
JOANNE BOOK CHRISTINE
AMY J. MENDELSOHN
MICHAEL W. WINFIELD
KATHRYN S. SOLE
STEPHANIE E. DIVITTORE
KIMBERLY L. SNELL-ZARCONE
KATHLEEN D. BRUDER
CHRISTYLEE L. PECK
JOHN M. COLES

OF COUNSEL
HENRY W. RHOADS
JOHN C. DOWLING

RETIRED
FRANK A. SINON
1922-1984
JOHN M. MUSSELMAN
1919-1982
CLYDE R. HENDERSHOT
1922-1980

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

FILED
HARRISBURG, PA

MARY E. D'ANDREA

DIRECT DIAL NO.
231-6647

FILE NO.

January 23, 2002

7583 01

Re:   Craig M. Howard v. Liberty Life Assurance Company of Boston
      USDC, Middle District, PA  Civil Action No. 1:CV-01-797

Honorable Yvette Kane                    **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA  17108

Dear Judge Kane:

It appears that Mr. Foster and I are unable to agree on answers to Plaintiff's First Set of Interrogatories, and hence as directed, I am submitting this letter Brief.

Imagine if you will the ninth inning of the seventh game of the World Series. The score is tied, the bases loaded and striding to the mound is the Yankee ace Roger Clemens; A walk forces in the winning run. A strikeout sends the game into extra innings. The umpire is back at the plate but Roger Clemens, is wearing instead of a Yankee hat, an umpire's cap. He delivers the first pitch but he, not the umpire, calls out "Strike One". Two more such deliveries and the batter is retired. Absurd, of course, but analogous to the situation at hand. Here the Defendant makes the determination whether the Plaintiff is to receive or to be denied benefits. If the latter, the insurance company keeps the premium whereas in the former it loses the payment.

The pitcher should not be allowed to call his owns balls and strikes, nor should the insurance company be given a decision on the call of disability or not.

The Supreme Court in Firestone Tire and Rubber Co. v. Bruch[1], 489 U.S. 101, 115, 109 S. Ct. 948, 956-57, 103 L.Ed.2nd 80 (1989) decided that where the administrator has discretionary authority to determine eligibility for benefits, as in the instance case, the Court must apply the abuse of discretion standard. As noted in Pinto[2], 214 F.3d 377, this has "bedeviled the Federal Courts since...". Pinto, as is well known, nullified the arbitrary and capricious standard to provide for a "sliding scale" approach. While this criteria is not very definite, it does clearly

---

[1] See Exhibit "A" for Firestone Tire and Rubber Co. v. Bruch.
[2] See Exhibit "B" for Pinto v. Reliance Standard Life Insurance Company

416336.1

# RHOADS & SINON LLP

Honorable Yvette Kane
January 23, 2002
Page 2


indicate the Court's dissatisfaction with the arbitrary and capricious standard and their awareness of its inherent unfairness.

Seeking to comprehend what the Third Circuit intended in enacting such a doctrine and in assisting its correlation with the scope of discovery, the following excerpts from Chief Judge Baker in his Opinion are it is submitted helpful:

Page 9, in discussing what constitutes a conflict discusses the structure between the ERISA plan administration, interpretation, and funding.

Page 14 mentions actuarially grounding of a pension plan.

Page 15 states the pertinence of the direct expense incurred by the insurance company and the consequences of its position.

Page 16 contains the following pertinent observation concerning the soundness of the insurance company's interpretation of its policy when it is calculated to maximize the benefits available to plan participants and beneficiaries at a cost that the plan sponsor can afford (or will pay). It states "The legitimacy of such an assertion should be ascertained by looking to, among other things, the consistency of the practice, the reasonableness of the "reading" (in that case, interpreting a term), and the internal consistency of the plan with the proffered reading."   The opinion in adapting the sliding scale cases states that such an approach requires each case to be examined on its facts.  "The court may take into account the sophistication of the parties, the information accessible t the parties, and the exact financial arrangement between the insurer and the company." In further enunciating the relevancy of discovery permitted by Pinto is <u>Friess v. Reliance Standard Life Insurance</u>[3], (cited in my letter brief to Your Honor of July 27, 2001), which states:

> The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the <u>information accessible to the parties</u>, the <u>exact financial relationship between the insurer and the employer company</u>, the <u>current status of the fiduciary, and the stability of the employer company</u>. Such evidence equips the district court to review the contested decision under an 'arbitrary and capricious' standard heightened according to the potency of the conflict. (emphasis added).

---

[3] See Exhibit "C" for <u>Friess v. Reliance Standard Life Insurance</u>

# RHOADS & SINON LLP

Honorable Yvette Kane
January 23, 2002
Page 3


The correspondence between counsel [4]has produced no resolvement, particularly regarding Interrogatories 7-23[5]. Only Defendant's assent to answer No. 5 and a largess answer to No. 2.

With this background, I respectfully submit that the interrogatories, numbers 17-23, are proper discovery inquiries.

Overall, the Courts in our jurisdiction seek information as to the impact of the insurance company's declining or accepting claims. Clearly from Pinto and the numerous decisions cited therein, the Courts are not comfortable with the insurance company being both the pitcher and the umpire in calling calls and strikes.

Specifically, I think the Plaintiff is entitled to the following information:

1.    The negotiations leading up to the contract between Liberty Life and Penn State Geisinger (See especially page 8 of Pinto which discusses "The fact that the benefit plan was contracted for and its terms subject to negotiations".

2.    The basis on which the premium was calculated, including the number of employees covered and how the premium was determined, i.e. fixed rate or experienced rated.

3.    The number of similar plans which Liberty Life has with various employers which would certainly shed light on overall underwriting concepts and expectations.

4.    The loss ratio for the years immediately preceding and the year of the instant claim, as well as the profit and losses resulting to the insurance company.

5.    The reserve established on Plaintiff's claim is certainly pertinent as to the overall effect of its denial or acceptance.

It is unfortunately obvious that a great many documents will be required and a number of Defendant's employees subject to deposition. As you noted in Your Honor's Order of October 2, 2001:

---

[4] See Exhibit "D". We note that Defense counsel advised the Court of its decision in its letter of January 14, 2002 and thus feel it proper to copy the Court with our letter to Mr. Foster of January 10, 2002.
[5] See Exhibit "E" for Plaintiff's Interrogatories and Defendant's Responses Thereto.

## RHOADS & SINON LLP

Honorable Yvette Kane
January 23, 2002
Page 4

> "...Plaintiff is entitled to depose Defendant's officers, directors, employees and others, and discover other evidence, relevant to the sophistication of the parties, the information accessible to the parties…the exact financial arrangement between the insurer and the company, [and]…the current status of the fiduciary".

It is respectfully submitted that the Court needs a wealth of documents and testimony to apply the sliding scale to this particular case.

Liberality is the cornerstone of discovery and was never more necessary than in the instant case.

An appropriate Order is herewith attached for the Court's convenience.

Respectfully Submitted,

RHOADS & SINON LLP

By: John C. Dowling

DBD/clz
Enclosure

cc:    William C. Foster, Esquire
       (w/enclosure) (Via Facsimile and U.S. First Class Mail)

# RHOADS & SINON LLP

ROBERT H. LONG, JR *
SHERILL T. MOYER
JAN P. PADEN
RICHARD B. WOOD
LAWRENCE B. ABRAMS III*
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR
DAVID B. DOWLING
DAVID F. O'LEARY
DAVID O. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD*
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL

SHAWN D. LOCHINGER
JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL
DEBRA M. KRIETE
TODD J. SHILL
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER, JR
JOANNE BOOK CHRISTINE
SUSAN E. SCHWAB
AMY J. MENDELSOHN*
MICHAEL W. WINFIELD**
KATHRYN G. SOPHY
STEPHANIE E. DIVITTORE
KIMBERLY J. SNELL-ZARCONE
KATHLEEN D. BRUDER

*ALSO ADMITTED TO THE FLORIDA BAR
**ALSO ADMITTED TO THE MARYLAND BAR

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

July 27, 2001

OF COUNSEL
FRANK A. SINON
HENRY W. RHOADS
JOHN C. DOWLING
C. STEPHEN ERB

PAUL H. RHOADS
1907-1984
JOHN M. MUSSELMAN
1919-1980
CLYDE R. HENDERSHOT
1922-1980

DIRECT DIAL NO.
231-6647

FILE NO.
7583-01

Re:    Craig M. Howard v. Liberty Life Assurance Company of Boston
       USDC, Middle District, PA  Civil Action No. 1:CV-01-797

Honorable Yvette Kane                    **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA  17108

Dear Judge Kane:

In reply to Defendant's belated response to your Order of July 2, 2001 Plaintiff reasserts that the Third Circuit's very recent decision in Pinto is no way diminished by an earlier District Court decision from California, i.e. Newman v. Standard Ins. Co., 997 F.Supp. 1276 (C.D.Ca. 1998).

Further enunciating the form of discovery permitted by Pinto is Friess v. Reliance Standard Life Insurance, 122 F.Supp.2d 566, 575 (E.D.Pa. November 29, 2000) which stated:

"Rather, the intensity of review should increase in proportion to the intensity of the conflict. See Pinto, 214 F.3d at 393. The Third Circuit instructed district courts to 'consider the nature and degree of apparent conflicts with a view to shaping their arbitrary and capricious review....'

To arrive at the proper standard of review, the district court must make a finding on the extent to which conflicts of interest warrant increased scrutiny. Pinto held that the district court, while forbidden from expanding the administrative record on the historic facts that informed the administrator's decision, may take evidence regarding the conflict of interest and ways in which the conflict may have influenced that decision. The Third Circuit described the type of evidence the court may consider when evaluating the seriousness of the conflict: the sophistication of the parties, the information accessible to the parties, the exact financial relationship between the insurer and the employer company, the current

395822.1

YORK:                          AFFILIATED OFFICE:                          LANCASTER:
                     STE. 203, 1700 S. DIXIE HWY, BOCA RATON, FL 33432

Honorable Yvette Kane
July 27, 2001
Page 2

> status of the fiduciary, and the stability of the employer company. Such
> evidence equips the district court to review the contested decision under an
> 'arbitrary and capricious' standard heightened according to the potency of
> the conflict.

-------------------------------

> While Reliance has discretion, if its judgment is compromised by conflicts
> of interest, the highly deferential standard of arbitrary and capricious
> review must be adapted. Conflicts must be factored into the deference
> shown to the administrator'' determination."

Judge Brody concluded by stating:

> "In determining the influence of the potential conflict on the decision to
> deny Friess LTD benefits, I must consider the process by which Reliance
> reached that decision.

-------------------------------

> "I defer my conclusion to allow the parties to gather evidence on the
> conflict of interest and the ways in which the conflict ought to shape the
> heightened arbitrary and capricious standard of review described in Pinto
> v. Reliance Standard Life Insurance Co..."

Defendant rather ingeniously argues that the purpose of ERISA which is to provide for
expeditious and inexpensive resolvement of disputes will be hindered by discovery; while it is
Defendant's capricious and arbitrary refusal to acknowledge Plaintiff's just claim that has
triggered the discovery necessary to place before the Court those factors mandated by Pinto.

Defendant further opines that the cost of this essential discovery may exceed the value of
Plaintiff's claim. This is highly speculative considering Plaintiff's age (44) with a long-term
disability maximum benefit period extending to age 65.

Honorable Yvette Kane
July 27, 2001
Page 3


        Defendant's critique of decisions cited by Plaintiff is unfounded, misstated, and incorrect
as a reading of the Opinions will disclose.

                                        Respectfully Submitted,

                                        RHOADS & SINON LLP

                                        By
                                            John C. Dowling

DBD/clz

cc:    William C. Foster, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of June, 2002, a true and correct copy of

the foregoing "Pretrial Memorandum of Plaintiff " was served by means of U.S.

First Class Mail, postage prepaid, and facsimile upon the following:


William C. Foster, Esquire
Kelly, McLaughlin & Foster, LLP
1617 J.F.K. Boulevard, Suite 1690
Philadelphia, PA 19103