# RHOADS & SINON LLP

ROBERT H. LONG, JR.[2]
SHERILL T. MOYER
JAN P. PADEN
RICHARD B. WOOD
LAWRENCE B. ABRAMS III[2]
J. BRUCE WALTER
JOHN P. MANBECK
FRANK J. LEBER
PAUL A. LUNDEEN
JACK F. HURLEY, JR.
DAVID B. DOWLING
DAVID F. O'LEARY
DAVID O. TWADDELL
CHARLES J. FERRY
STANLEY A. SMITH
JENS H. DAMGAARD[2]
DRAKE D. NICHOLAS
THOMAS A. FRENCH
DEAN H. DUSINBERRE
DONNA M.J. CLARK
CHARLES E. GUTSHALL
PAUL F. WESSELL
SHAWN D. LOCHINGER

JAMES H. CAWLEY
DEAN F. PIERMATTEI
KENNETH L. JOEL[1]
DEBRA M. KRIETE
TODD J. SHILL
DAVID M. BARASCH
LORI J. McELROY
THOMAS J. NEHILLA
KEVIN M. GOLD
CARL D. LUNDBLAD
JAMES E. ELLISON
RICHARD E. ARTELL
ROBERT J. TRIBECK
TIMOTHY J. NIEMAN
PAUL J. BRUDER, JR.[4]
JOANNE BOOK CHRISTINE
AMY J. MENDELSOHN[2]
MICHAEL W. WINFIELD[3]
KATHRYN G. SOPHY[1]
STEPHANIE E. DIVITTORE
KATHLEEN D. BRUDER[4,5]
CHRISTYLEE L. PECK
JOHN M. COLES

1 ALSO ADMITTED TO THE DISTRICT OF COLUMBIA BAR
2 ALSO ADMITTED TO THE FLORIDA BAR
3 ALSO ADMITTED TO THE MARYLAND BAR
4 ALSO ADMITTED TO THE NEW JERSEY BAR
5 ALSO ADMITTED TO THE NEW YORK BAR

ATTORNEYS AT LAW
TWELFTH FLOOR
ONE SOUTH MARKET SQUARE
P.O. BOX 1146
HARRISBURG, PA 17108-1146

TELEPHONE (717) 233-5731

FAX (717) 231-6637
EMAIL jdowling@rhoads-sinon.com
WEBSITE: www.rhoads-sinon.com

June 28, 2002

OF COUNSEL
HENRY W. RHOADS
JOHN C. DOWLING

RETIRED
FRANK A. SINON

PAUL H. RHOADS
1907-1984
JOHN M. MUSSELMAN
1919-1980
CLYLE R. HENDERSHOT
1922-1980

DIRECT DIAL NO.
231-6647

FILE NO.
7583/01

Re:    Craig M. Howard v. Liberty Life Assurance Company of Boston
       USDC, Middle District, PA  Civil Action No. 1:CV-01-797

Honorable Yvette Kane                    **HAND-DELIVERED**
Judge, Middle District of PA
Federal Building, Room 830
228 Walnut Street
Harrisburg, PA  17108

Dear Judge Kane:

Supplementing Plaintiff's position set forth in his Pretrial Memorandum and suggested Findings of Fact and Conclusions of Law as to Defendant's waiving its counterclaim or setoff for Social Security Benefits, the Court's attention is respectfully directed to Rule 8(c) and 8(d):

"(c)  AFFIRMATIVE DEFENSES.  In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.  When a party has mistakenly designated a defense as a counterlcaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

(d)  EFFECT OF FAILURE TO DENY.  Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading.  Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

435542.1

YORK:                    AFFILIATED OFFICE:                    LANCASTER:
                  STE. 203, 1700 S. DIXIE HWY, BOCA RATON, FL 33432

**RHOADS & SINON LLP**

Honorable Yvette Kane
June 28, 2002
Page 2

As noted in 27 Fed. Proc, L Ed. § 62:79

"The matters enumerated in FRCP 8(c) are illustrative rather than exhaustive; any other, unlisted matter constituting an affirmative defense must also be pled as such.  A defense is affirmative where it does not tend to controvert an element of the plaintiff's prima facie case, where it tends to annul the plaintiff's cause of action and not merely prove a different legal standard, and where failure to plead the defense would tend to surprise the plaintiff. Thus, affirmative defenses generally admit the matters asserted in the complaint but assert other facts that would defeat recovery.

The courts often look to federal or state substantive law to determine what constitutes an affirmative defense under FRCP 8(c), and in a diversity case state substantive law determines whether a defense not listed in FRCP 8(c) must be pled as an affirmative defense.

"If a matter is not expressly enumerated in FRCP 8(c) and there is no state or federal law deciding whether the matter should be pled as an affirmative defense, the court will consider the logical relationship between the defense and the plaintiff's cause of action.  This involves consideration of several general factors, such as (1) whether the matter to be pleaded can be said to constitute a necessary ingredient of the plaintiff's cause of action or is, on the contrary, extrinsic to that cause of action, a new matter which will bar an otherwise meritorious claim for relief; (2) fairness as to problems of proof – that is, whether the plaintiff or the defendant has more ready access to evidence relevant to the matter to be pleaded; and (3) policy – that is, whether the matter to be asserted is one which is treated indulgently or with disfavor by the courts."

The Third Circuit has ruled on this matter.  In McPherson v. Employees' Pension Plan of Am. Re-Insurance Co. (1994 CA3 NJ) 33 F3d 253, 18 EBC 1865, it held that:

"Award of attorney's fees to prevailing plaintiff in ERISA case is within discretion of district court and may only be reversed for abuse of discretion; however, court of appeals review of legal standards district court applied in exercise of its discretion is plenary.

## RHOADS & SINON LLP

Honorable Yvette Kane
June 28, 2002
Page 3


Hence, it is permissible to examine state law on this issue. Pennsylvania Superior Court decisions are further supportive. In Bender's Floor Covering Co. v Gardner, 387 Pa. Super. 531 (1989), wherein the Court stated:

> "Unlike counterclaims, affirmative defenses are *compulsory*, and therefore must be timely pleaded, or they are forever lost. *Zarnecki v. Shepegi*, supra, 532 A.2d at 875, *citing Posternack v. American Casualty Co. of Reading*, 421 Pa. 21, 218 A.2d 350 (1966); *see also* Pa.R.C.P. 1030, 1032.

And in the recent decision of Coldren v. Peterman, 763 A.2d 905 (Pa. Super. 2000), the Court stated:

> "[7] ¶ 16 Affirmative defenses are compulsory and therefore must be timely pled or they are forever lost. *Bender's Floor Covering Co. v Gardner*, 387 Pa.Super. 531, 564 A.2d 518 (1989). Because the assertion that the 1936 Order is void is an affirmative defense and it was not properly pled, this defense is waived.

It is submitted that Defendant's position is further weakened by the fact that not only was there no mention or pleading of the setoff, but the answer to the allegations based the defense solely on the fact that Plaintiff was not disabled in the terms of the policy.

It is interesting to note that in Defendant's claim file there is a communication to Attorney Foster concerning the answer to be filed, which states that there should be an eleventh affirmative defense to the effect that "Liberty never paid benefits in this case, but we would want to offset for Social Security benefits in the event Howard is found entitle to LTD".

The eleventh affirmative defense was never filed.

At the Attorney's Conference of June 17, 2002, Defendant questioned Plaintiff's claim for reasonable attorney fees. As noted in 60A Am Jur 2d § 1245:

> "The court may make a discretionary award of attorney's fees and costs to either party in any civil action brought under ERISA's labor provisions by a plan participant, beneficiary, or fiduciary. The statutory provision has been held to be remedial legislation that should be construed liberally in favor of those persons it is meant to benefit and protect."

-------------------------------

# RHOADS & SINON LLP

Honorable Yvette Kane
June 28, 2002
Page 4


       "In an action brought by a participant, beneficiary, or fiduciary, the court has discretion to award attorney's fees and costs.

60A Am Jur 2d § 1247.

                      Respectfully Submitted,

                      RHOADS & SINON LLP

                      By: John C. Dowling

DBD/clz

cc:    William C. Foster, Esquire