ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRAIG M. HOWARD | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CASE NO: 1:CV-01-797 |
| | : | |
| LIBERTY LIFE ASSURANCE | : | JUDGE KANE |
| COMPANY OF BOSTON | : | |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR
LEAVE TO FILE SECOND AMENDED COMPLAINT**

I.  **STATEMENT OF FACTS**

The facts of this case were discussed at length in Plaintiff's Brief In Support of Motion for Leave to File Second Amended Complaint. In the interest of brevity, those facts shall not be repeated.

453683.1

II. **QUESTIONS INVOLVED**

    A.    <u>Whether Rule 15 of the Federal Rules of Civil Procedure Supports Plaintiff's Motion For Leave to File Second Amend Complaint.</u>

        Suggested Answer:    Yes.

    B.    <u>Whether Plaintiff's Motion For Leave to File Second Amended Complaint is Futile.</u>

        Suggested Answer:    No.

    C.    <u>Whether Defendant Has Proven Plaintiff's Motion For Leave to File Second Amended Complaint, If Granted, Would be Highly Prejudicial to Defendant.</u>

        Suggested Answer:    No.

    D.    <u>Whether Plaintiff's Motion For Leave to File Second Amended Complaint is Timely.</u>

        Suggested Answer:    Yes.

III. **ARGUMENT**

    A.    <u>Rule 15 of the Federal Rules of Civil Procedure Supports Plaintiff's Motion For Leave to File Second Amended Complaint.</u>

Generally, a "liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15." <u>Plaisted v. Geisinger Medical Center</u>, 2002 U.S. Dist. LEXIS 19842, at *29 (M.D. Pa., Oct. 15, 2002) (attached hereto a "Exhibit 1"). Even if the plaintiff only raises colorable grounds for relief, Leave to Amend should be granted. <u>Ross v. Zavarella</u>, 732 F. Supp. 1306, 1309 (M.D. Pa. 1990).

As Justice Goldberg wrote in the seminal case of <u>Foman v. Davis</u>, "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. 178, 182 (1962).

More specifically, when a plaintiff moves to amend pleadings based on a recent change in the law, the motion should freely be granted. <u>Vanguard Savings and Loan Ass'n v. Banks</u>, 1995 U.S. Dist. LEXIS 8799, at *6 (E.D. Pa. 1995) (attached hereto as "Exhibit 2"). Under this circumstance, the Motion should be denied only upon a showing of bad faith, undue delay, or undue prejudice to the non-moving party. <u>See id.</u> Because none of these restrictions are present here, Plaintiff respectfully requests his Motion be granted.

F.R.C.P. 15 allows pleadings to be amended at any stage of litigation. MOORE'S FEDERAL PRACTICE, §15.02[1] (Matthew Bender 3d Ed.). Furthermore, F.R.C.P. 15 prescribes no set time for amendments by leave of court. <u>Hirshhorn v. Mine Saftey Appliance Co. et al.</u>, 101 F. Supp. 549, 552 (W.D. Pa. 1951), <u>aff'd</u>, 193 F.2d 489 (3d Cir. 1952). In this matter, Plaintiff filed his Motion to Amend prior to this Court issuing a ruling on the merits of his claim. Therefore, Plaintiff urges this Court to follow the liberal standards of F.R.C.P. 15 that govern

situations where a party files a Motion For Leave to Amend Complaint prior to a Court's decision.

To support its argument, Defendant relies on <u>Mirpuri v. Act MFG. Inc.</u>, 212 F.3d 624, 628 (1st Cir. 2000). However, this case is easily distinguishable from the facts in the instant matter. In <u>Mirpuri</u>, Plaintiffs sought to amend their Complaint twenty-seven (27) days after the Court granted Defendants Motion to Dismiss. <u>See id</u>. at 627. In finding for Defendants, the Court noted Plaintiffs overlooked the facts that the Motion to Amend was filed <u>after</u> final judgment was entered. <u>See id</u>. at 628. Unlike <u>Mirpuri</u>, in the instant case, Plaintiff filed his Motion to Amend Complaint <u>before</u> final judgment was rendered. Accordingly, <u>Mirpuri</u> offers no guidance in our matter.

B. <u>Defendant Fails to Show Plaintiff's Amendment Would be Futile</u>.

The Third Circuit finds an amendment under F.R.C.P. 15 futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." <u>In re Nahc, Inc. Securities Litigation</u>, 306 F.3d 1314, 2002 U.S. App. LEXIS 20846, at *41 (3d Cir. 2002) (attached hereto as "Exhibit 3"). Defendant argues Plaintiff's Motion is futile because not all Courts in the Eastern District agree with the rationale in <u>Rosenbaum v. UNUM Life Ins. Co. of America</u>, 2002 U.S. Dist. LEXIS 14155 (E.D. Pa. 2002) (attached hereto as "Exhibit 4")

(Defendant's Brief In Opposition to Plaintiff's Motion, p. 12-16). However, Defendant's argument fails to demonstrate how the plaintiff's Amended Complaint would not state a claim upon which relief may be granted.

Plaintiff's Amended Complaint seeks to add a claim under Pennsylvania's Bad Faith law, 42 Pa. C.S.A. §8371. Contrary to Defendant's assertion that Rosenbaum "does not establish any basis for the Plaintiff to recover under Pennsylvania's Bad Faith Statute," Rosenbaum expressly held "§8371 is not preempted by ERISA," and allowed Plaintiff to pursue the Bad Faith claim against Defendant. Rosenbaum, 2002 U.S. Dist. LEXIS 14155, at *3. The failure of other Courts to not concur with Rosenbaum's rationale is not enough to render the Amended Complaint futile. Indeed, if this Court applies Rosenbaum's logic, then the Amended Complaint states a claim upon which relief may be granted.

As discussed in Plaintiff's Brief in Support of Motion for Leave to File Second Amended Complaint, Rosenbaum is not the first District Court to hold a state's Bad Faith statute is not preempted by ERISA. For instance, in Norman v. Paul Revere Life Ins. Co., the District Court for the Western District of Washington found Washington's Bad Faith statute not subject to ERISA preemption. 2000 U.S. Dist. LEXIS 21478, at *5 (W.D. Wash. 2000) (attached hereto as "Exhibit 5"). Specifically, the Court held Washington's Bad Faith

statute clearly is limited to the insurance industry, and it played an integral part of the policy relationship between insurer and insured. Id.

In Hill v. Blue Cross Blue Shield of Alabama, the District Court for the Northern District of Alabama reached a similar conclusion. 117 F. Supp. 2d 1209 (N.D. Ala. 2000). The Hill Court applied a similar analysis as followed in Rosenbaum. Specifically, Hill, relying on the Supreme Court's Ward decision, determined that state law tort claims of bad faith are exempt from ERISA preemption. Id. at 1212. As the Court concluded, "a claim based on state law is saved when the law is part of the state's insurance regulating scheme." Id.

Therefore, Defendant's claim that Plaintiff's amendment would be futile lacks merit. Not only has the Eastern District permitted a plaintiff to pursue a Bad Faith claim in an ERISA suit, other Districts throughout the country adopt the same approach. Again, the issue of futility is whether the plaintiff has stated a claim upon which relief could be granted. In re Nahc, 2002 U.S. App. LEXIS

20846, at *41. Based upon the foregoing, Plaintiff may be granted relief in the instant action under Pennsylvania's Bad Faith statute.[1]

    C.    <u>Defendant Failed to Prove Plaintiff's Motion For Leave to File Second Amended Complaint, If Granted, Would be Highly Prejudicial to Defendant.</u>

Defendant asserts allowing Plaintiff to amend his Complaint would be highly prejudicial. It is well settled that a showing of undue prejudice is the touchstone for the denial of an amendment. <u>Roche v. E.F. Hutton & Co., Inc</u>, 658 F. Supp. 315, 320 (M.D. Pa. 1986). The non-moving party has a heavier burden than merely claiming prejudice. Indeed, the non-moving party must show it is "unfairly disadvantaged" by the amendment. <u>Id</u>. In the instant matter, Defendant fails to show how it will be prejudiced by granting Plaintiff's Motion For Leave to File Second Amended Complaint.

In <u>Plaisted</u>, Plaintiffs moved to Amend their Complaint to add an additional claim of negligent infliction of emotional distress. <u>Plaisted</u>, 2002 U.S. Dist. LEXIS 19842, at *26 (attached hereto as "Exhibit 1"). Defendants argued the

---

[1] Although other Eastern District cases have reached conclusions that counter <u>Rosenbaum</u>, <u>Rosenbaum</u>'s conclusion was based on rational, in-depth analysis of recent Supreme Court precedent. <u>See</u> <u>Rosenbaum</u>, 2002 U.S. Dist. LEXIS 14155, at *2 (discussing <u>Rush Prudential HMO v. Moran</u>, 122 S.Ct. 2151 (2002), and <u>Unum Life Ins. Co. of America v. Ward</u>, 526 U.S. 358 (1999)). As set forth in Plaintiff's principal Brief, the decision in <u>Rosenbaum</u> and the Court's analysis therein, is proper given recent decisions of the United States Supreme Court.

amendment was prejudicial because it may require additional, lengthy discovery. Id. at *27. Despite defendant's objection, the Court found the addition of a new claim did not materially alter the litigation landscape. See id. at *31. Even if additional discovery needed to occur, it only involved one party and one additional issue. See id. Accordingly, the Court granted the plaintiff's Motion to Amend.

In Roche, the plaintiffs moved to amend their Complaint to add additional claims to their RICO action. Roche, 658 F. Supp., at 319. In granting the plaintiffs Motion to Amend their Complaint, the Court noted the defendants failed to meet their burden of demonstrating how they would be "deprived of the opportunity to present facts or evidence" to support its defense because additional discovery may be conducted. Id. Furthermore, even if the plaintiffs claim did raise an additional theory, it is not one that raised "unforeseen issues." Id.

Here, Defendant cannot characterize the issue of bad faith as unforeseen. Indeed, paragraph 14 of Plaintiff's July 11, 2001 Amended Complaint states:

> The above-mentioned decision by Defendant which denied Plaintiff of the rights and benefits due Plaintiff under the above-mentioned disability policy was arbitrary, illegal, capricious, unreasonable, **and not made in good faith** and is breach of Defendant's fiduciary duty which is owed to Plaintiff **(emphasis added)**.

Defendant was on notice from the filing of the Amended Complaint that Plaintiff alleged bad faith. Furthermore, even if additional discovery would have to be

done, as to the extent it is a "disadvantage," it would be equal on both sides, for Plaintiff too would have to gather additional information. Accordingly, Defendant has failed to show how granting Plaintiff's Motion For Leave to File Second Amended Complaint would be highly prejudicial.[2]

D.  Plaintiff's Amendment is Timely

Defendant also asserts that Plaintiff should not be allowed to Amend his Complaint because he initially withdrew his bad faith claim prior to trial. This statement lacks merit. Plaintiff removed the Bad Faith claim from his Complaint to conform to then-existing law. On the date the bench trail began, July 22, 2002, no Court within the Third Circuit had held a Plaintiff could assert a Bad Faith claim in an ERISA matter. The law did not change until July 28, 2002. Had Rosenbaum been the law of the Third Circuit prior to the July 22, 2002 bench trial, Plaintiff would have amended his Complaint at that time. Defendant would have this Court penalize the Plaintiff for adhering to the law.

Furthermore, in Vanguard, the plaintiff moved to Amend its Complaint two months after a case changed the law within the Third Circuit. Vanguard, 1995 U.S. Dist. LEXIS 8799, at *7 (attached hereto as "Exhibit 2"). The defendant

---

[2] For instance, Defendant has not and cannot argue that any duplicate discovery would occur, since the ERISA claim involved little discovery and almost none whatsoever from the Defendant.

argued this lapse in time constituted "unreasonable delay." Id. In allowing the plaintiff to Amend its Complaint, the Court noted the two month delay was not unreasonable. Furthermore, relying on precedent from other Circuit courts, the Court specifically stated a "four month" delay would not be unreasonable. Id. Here, Plaintiff moved to Amend approximately three months after Rosenbaum changed the law within the Third Circuit. Accordingly, three months does not qualify as "unreasonable delay" for purposes of F.R.C.P. Rule 15. See id. at *7-*8.[3]

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's Motion to Leave to File Second Amended Complaint should be granted.

[3] Also note that a request was made to Defendant's counsel to permit amendments via oral and written requests in September and October of 2002. See Plaintiff's Letter to Defendant's Counsel William C. Foster, Esq., dated October 1, 2002, attached hereto as "Exhibit 6."

Respectfully Submitted,

RHOADS & SINON LLP

By: _____
Robert J. Tribeck, Esquire
Attorney I.D. No. 74486
One South Market Square
P. O. Box 1146
Harrisburg, PA 17108-1146
717.233.5731

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on December 13th, 2002, a true and correct copy of the foregoing "Plaintiff's Reply Brief in Support of Motion for Leave to File Second Amended Complaint" was served by United States Mail, upon the following:

William C. Foster, Esquire
Kelly, McLaughlin & Foster, LLP
1617 J.F.K. Boulevard, Suite 1690
Philadelphia, PA 19103


_____
Cindy Zucaro

453683.1